UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV107AGF |
| | ) | |
| ST. LOUIS BOARD OF POLICE | ) | **JURY TRIAL DEMANDED** |
| COMM'RS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WISMAR'S ANSWER**

Defendant Andrew Wismar, by and through counsel, pursuant to FED. R. CIV. P. 8, answers plaintiff Cedric Wright's complaint [Doc. 1] in this matter as follows:

**INTRODUCTION**

1. Defendant admits that plaintiff has filed a complaint for declaratory judgment and damages for civil rights violations arising out of incidents that occurred in St. Louis City, Missouri, from on or about August 20, 2011 through on or about October 20, 2011; however, Defendant denies that plaintiff has stated a claim upon which relief can be granted.

2. Defendant admits that on August 20, 2011, he stopped plaintiff at an intersection near the southwest corner of Fox Park in the City of St. Louis on suspicion of petty larceny.

1

3. Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.

4. Deny.

5. Deny.

6. Admit.

7. This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

8. Defendants admit that plaintiff was fingerprinted after his arrest on August 20, 2011.  The remaining portion of this paragraph is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

9. Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.

10.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

11.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

12.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

13.     Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.

14.     Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.

15.     Defendants are without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.

16.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

17.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

18.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

19.     Defendant denies that plaintiff was wrongfully and involuntarily held in the custody of the Metropolitan Police Department from August 20, 2011 through October 20, 2011.  The remaining portion of this paragraph is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

20.     Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.  To the extent this paragraph is directed to other defendants, Defendant denies the same.

21.     Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.

22.     Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.

23.     Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.

24.     Defendant admits that plaintiff has sued for money damages pursuant to 42 U.S.C. § 1983 and alleges that he was wrongfully held in the custody of defendants for sixty-two days in violation of the Fourth and Fourteenth Amendments to the United States Constitution; however, Defendant denies that plaintiff has stated a claim upon which relief can be granted and denies that plaintiff is entitled to any of the relief requested.

25.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

26.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent that a further response is required, Defendant denies the same.  The remaining portion of this paragraph is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

27.     Defendant admits that plaintiff has alleged state law claims for false arrest and false imprisonment; however, Defendant denies that plaintiff has stated a claim upon which relief can be granted and denies that plaintiff is entitled to the relief requested.

## **PARTIES**

28.     Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.  To the extent that a further response is required, Defendant denies the same.

29.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

30.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

31.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

32.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

5

33.     Defendant admits that he is, and was at all times relevant to the incidents alleged in the Complaint, a police officer with the St. Louis Metropolitan Police Department.  Defendant admits that he has been sued in his official capacity as a police officer and in his individual capacity; however, Defendant denies that plaintiff has stated a claim upon which relief can be granted and denies that plaintiff is entitled to the relief requested. Defendant denies all remaining allegations in paragraph 33.

34.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

35.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

36.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

37.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

38.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

39.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

40.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

41.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

42.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

43.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

## JURISDICTION AND VENUE

44.     Plaintiff's statement as to jurisdiction is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendant admits that this Court has original jurisdiction over cases brought pursuant to 42 U.S.C. § 1983, but denies that plaintiff has stated a claim upon which relief can be granted.

45.     Plaintiff's statement as to supplemental jurisdiction is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendant admits that this Court has supplemental jurisdiction over cases brought pursuant to 28 U.S.C. § 1367, but denies that plaintiff has stated a claim upon which relief can be granted.

46.     Plaintiff's statement as to venue is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendant admits that venue is proper in this Court.

7

47.      Plaintiff's statement as to venue is a legal conclusion to which no response is required.   To the extent that a further response is required, Defendant admits that venue is proper in this division of the Court.

48.      Deny.

## <u>BACKGROUND</u>

49.      Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.   To the extent that a further response is required, Defendant denies the same.

50.      Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.   To the extent that a further response is required, Defendant denies the same.

51.      Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.   To the extent that a further response is required, Defendant denies the same.

52.      Defendant admits that plaintiff was arrested at an intersection near the southwest corner of Fox Park in the City of St. Louis around 7:00 p.m. on August 20, 2011 by police officers from the St. Louis Metropolitan Police Department on suspicion of petty larceny.   Defendant denies all remaining allegations in paragraph 52.

53.     Defendant is without sufficient information to admit or deny the allegations of this portion of the complaint.   To the extent that a further response is required, Defendant denies the same.

54.     Deny.

55.     Deny.

56.     Defendant admits that plaintiff was unarmed at the time of his arrest, but denies all remaining allegations in paragraph 56.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Deny.

61.     Defendant admits that plaintiff was transported in the custody of the Metropolitan Police Department to the Substation where he was booked after his arrest.   The remaining portion of the complaint is directed to other defendants.   To the extent that a response is required, Defendant denies the same.

62.     Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.   To the extent that a response is required, Defendant denies the same.

63.     Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.   To the extent that a response is required, Defendant denies the same.

64.     Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.   To the extent that a response is required, Defendant denies the same.

65.     This portion of this paragraph is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

66.     Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.   To the extent that a response is required, Defendant denies the same.

67.     This portion of this paragraph is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

68.     This portion of this paragraph is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

69.     Admit.

70.     This portion of this paragraph is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

71.     This portion of this paragraph is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

72.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

73.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

74.     Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent that a response is required, Defendant denies the same.

75.     Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent that a response is required, Defendant denies the same.

76.     Deny.

77.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

78.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

79.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

80.     Defendant is without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendant denies the same.

81.     Defendant is without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendant denies the same.

82.     Defendant is without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendant denies the same.

83.     Defendant is without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendant denies the same.

84.     Deny.

85.     Deny.  The remaining portions of this paragraph are directed to other defendants.  To the extent that a response is required, Defendant denies the same.

86.     Defendant is without sufficient information to admit or deny the allegation that Corey Darmel Leonard was being held at the St. Louis County Justice Center in Clayton, Missouri throughout the time that plaintiff was being held.  To the extent that a response is required, Defendant denies the same.  Defendant denies the remaining allegations in this paragraph.  The remaining portions of this paragraph are directed to other defendants.  To the extent that a response is required, Defendant denies the same.

87.     Defendant is without sufficient information to admit or deny the allegation that plaintiff protested that he was misidentified, that he did not know Corey Darmel Leonard, and that he was not involved in any criminal activity with Mr. Leonard.   To the extent that a response is required, Defendant denies the same.   Defendant denies sentences 3 and 4.   The remaining portions of this paragraph are directed to other defendants.   To the extent that a response is required, Defendant denies the same.

88.     Deny.

89.     Defendant is without sufficient information to admit or deny the allegations in this paragraph.   To the extent that a response is required, Defendant denies the same.

90.     Defendant is without sufficient information to admit or deny the allegations in this paragraph.   To the extent that a response is required, Defendant denies the same.

91.     This portion of the complaint is directed to other defendants.   To the extent that a response is required, Defendant denies the same.

92.     This portion of the complaint is directed to other defendants.   To the extent that a response is required, Defendant denies the same.

93.     This portion of the complaint is directed to other defendants.   To the extent that a response is required, Defendant denies the same.

94.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

95.     Deny.  The remaining portions of this paragraph are directed other defendants.  To the extent that a response is required, Defendant denies the same.

## COUNT I – FOURTH AMENDMENT

96.     Defendant incorporates his responses to paragraphs 1 through 95 by reference as if fully set forth herein.

97.     Deny paragraph 97 and all its subparts.

98.     Deny.

99.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

100.    This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

101.    This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

102.    This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

103.    Deny.

104.    This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

14

105.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

106.     This allegation is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendant denies the same.

107.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

108.     Deny.

109.     Deny.

## COUNT II – FOURTEENTH AMENDMENT

110.     Defendant incorporates his responses to paragraphs 1 through 95 by reference as if fully set forth herein.

111.     Deny paragraph 111 and all its subparts.

112.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

113.     Deny.

114.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

115.     This portion of the complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

116.    This allegation is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendant denies the same.

117.    Deny.

118.    Deny paragraph 118 and all its subparts.

119.    Deny.

120.    Deny.

## COUNT III – FOURTH AMENDMENT: EXCESSIVE FORCE

121.    Defendant incorporated his responses to paragraphs 1 through 95 by reference as if fully set forth herein.

122.    Deny.

123.    Sentence 1 is a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the same. Defendants deny sentence 2.

124.    This allegation is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendant denies the same.

125.    Deny paragraph 125 and all its subparts.

126.    Deny.

127.    Deny.

128.    Deny paragraph 128 and all its subparts.

16

129.     Deny.

## COUNT IV – FALSE ARREST AND FALSE IMPRISONMENT

130.     Defendant incorporates his responses to paragraphs 1 through 95 by reference as if fully set forth herein.

131.     Deny.

132.     Deny paragraph 132 and all its subparts.

133.     This allegation is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendant denies the same.

134.     Deny paragraph 134 and all its subparts.

135.     This allegation is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendant denies the same.

136.     Deny.

137.     Deny.

## PRAYER FOR RELIEF

Based on the foregoing, Defendant respectfully asks this Court to enter judgment in his favor as to all allegations of the complaint, deny all of plaintiff's claims for damages, costs and fees, award Defendant his costs, and/or any and all such further relief as the Court deems just and proper.

17

## JURY TRIAL DEMAND

Defendant demands a jury trial on all issues triable to a jury.

## ADDITIONAL RESPONSES

Defendant denies all allegations in the complaint not specifically admitted herein.

Defendant denies that plaintiff is entitled to any of the relief requested in the complaint.

## DEFENDANT'S ADDITIONAL ANSWERS
## AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted, and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

### Second Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that the claims against him in his official capacity are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

### Third Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that he is entitled to qualified immunity for all claims because any and all actions taken by him in regard to plaintiff were done under the reasonable and good faith belief that said actions were constitutional.

## Fourth Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that he is entitled to official immunity and the public duty doctrine because his actions were discretionary and performed pursuant to official duties owed to the public.

## Fifth Affirmative Defense

For further answer, and as an affirmative defense, to the extent that plaintiff has sued Defendant in his official capacity, he is not a "person" within the meaning of 42 U.S.C. § 1983.  Therefore, plaintiff fails to state a claim under § 1983 upon which relief can be granted.

## Sixth Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that the injuries and/or damages suffered by plaintiff were due to and caused by reasons of plaintiff's own acts and conduct, and accordingly, the principles of comparative fault should be applied.

## Seventh Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that all of his actions with respect to plaintiff were taken in the good-faith belief that those actions complied with all applicable laws.

## Eighth Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that punitive damages are not available for the actions alleged in the complaint under federal and state law.

## Ninth Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that, to the extent applicable in this action, he is entitled to apportionment of fault between and among all appropriate parties, individuals, and entities, and are entitled to have such apportionment and allocation of fault among all appropriate parties, individuals, and entities whom the evidence indicates may be liable to plaintiff, and that each such party, individual, and entity should be apportioned and allocated its respective percentage or portion of fault by the trier of fact.

## Tenth Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that, to the extent applicable, plaintiff cannot recover damages for injuries that he failed to mitigate by seeking, and complying with, appropriate medical treatment.

## Eleventh Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that, to the extent applicable, plaintiff cannot recover damages for

unnecessary healthcare and/or professional care, thereby requiring a reduction of any damages awarded in this case.

### Twelfth Affirmative Defense

If a Defendant or other party makes a settlement with plaintiff, or if plaintiff receives anything of value from any party, individual, or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of plaintiff, or in the alternative, the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

### Thirteenth Affirmative Defense

For further answer, and as an affirmative defense, Defendant incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant specifically reserves the right to amend his Answer to include additional affirmative defenses at a later time.

WHEREFORE having fully answered plaintiff's complaint, Defendant respectfully requests that this Court enter judgment in his favor, award defendant costs and expenses incurred in this action, and for such further relief as this Court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/ *Karin A. Schute*
JOHN D. HOELZER, #59855MO
KARIN A. SCHUTE, #62019MO
Assistant Attorneys General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, Missouri  63188
Phone:  (314) 340-7861
Fax:  (314) 340-7029
*Attorneys for Defendant St. Louis*
*Board of Police Commissioners,*
*Francis Slay, Jr., Thomas Irwin,*
*Bettye Battle-Turner, Richard H.*
*Gray, Daniel Isom, Gerald*
*Leyshock, and Andrew Wismar*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 7 day of May, 2012, I electronically filed the foregoing with the clerk of this Court by using the CM/ECF system, to be served by operation of the Court's electronic filing system, to the following:

Mr. James O. Hacking, III
Ms. Jennifer L. Shoulberg
Hacking Law Practice, LLC
34 N. Gore, Suite 101
St. Louis, Missouri 63119
*Attorney for Plaintiff*


Daniel J. Emerson
City Counselor's Office
Room 314, City Hall
St. Louis, MO 63103
*Attorney for Defendants St. Louis City Sheriff's Department, Sheriff Murphy, St. Louis City Division of Corrections, and Bryson*


/s/ *Karin A. Schute*
Assistant Attorney General