UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV107AGF |
| | ) | |
| ST. LOUIS BOARD OF POLICE | ) | **JURY TRIAL DEMANDED** |
| COMM'RS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS SLAY, IRWIN, BATTLE-TURNER, GRAY, ISOM, LEYSHOCK, AND WISMAR'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Francis Slay, Thomas Irwin, Bettye Battle-Turner, Richard Gray, Daniel Isom, Gerald Leyshock, and Andrew Wismar, by and through counsel, pursuant to FED. R. CIV. P. 8, answer Plaintiff Cedric Wright's Amended Complaint[1] [Docs. 1, 66] in this matter as follows:

## INTRODUCTION

1. Defendants admit that Plaintiff has filed an Amended Complaint for declaratory judgment and damages for civil rights violations arising out of incidents that occurred in St. Louis City, Missouri, from on or about August

---

[1] Plaintiff was granted leave to file an Amended Complaint by Interlineation on March 8, 2013.  Doc. 71.  Plaintiff substituted all references to John Doe with Police Officer Brian Eisele.  At this time, Defendant Eisele has not been served.

1

20, 2011 through on or about October 20, 2011; however, Defendants deny that Plaintiff has stated a claim upon which relief can be granted.

2. Defendants admit that on August 20, 2011, Defendant Wismar and Brian Eisele stopped Plaintiff at an intersection near the southwest corner of Fox Park in the City of St. Louis on suspicion of petty larceny.  Defendants deny that three officers stopped Plaintiff.

3. Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

4. Deny.

5. Deny.

6. Admit.

7. This portion of the Amended Complaint is directed to another defendant.  To the extent that a response is required, Defendants deny the same.

8. Defendants admit that Plaintiff was fingerprinted after his arrest on August 20, 2011.  The remaining portion of this paragraph is directed to another defendant.  To the extent that a response is required, Defendants deny the same.

9. Admit.

10.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

11.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

12.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

13.     Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

14.     Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

15.     Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendant denies the same.

16.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

17.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

18.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

19.     Defendants deny that Plaintiff was wrongfully and involuntarily held in the custody of the Metropolitan Police Department from August 20, 2011 through October 20, 2011.  The remaining portion of this paragraph is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

20.     Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.  To the extent this paragraph is directed to other defendants, Defendants deny the same.

21.     Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

22.     Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

4

23.     Defendants deny that Plaintiff was in the custody of the St. Louis Metropolitan Police Department on October 20, 2011.   Defendants are without sufficient information to admit or deny the remaining allegations of this portion of the Amended Complaint.   To the extent that a further response is required, Defendants deny the same.

24.     Defendants admit that Plaintiff has sued for money damages pursuant to 42 U.S.C. § 1983 and alleges that he was wrongfully held in the custody of defendants for sixty-two days in violation of the Fourth and Fourteenth Amendments to the United States Constitution; however, Defendants deny that Plaintiff has stated a claim upon which relief can be granted and denies that Plaintiff is entitled to any of the relief requested.

25.     Deny.

26.     The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent that a further response is required, Defendants deny the same.   The remaining portion of this paragraph is directed to other defendants.   To the extent that a response is required, Defendants deny the same.

27.     Defendants admit that Plaintiff has alleged state law claims for false arrest and false imprisonment; however, Defendants deny that Plaintiff has stated a claim upon which relief can be granted and deny that Plaintiff is entitled to the relief requested.

5

## PARTIES

28.     Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

29.     Defendants admit that the Board is a governmental unit within the State of Missouri.  Defendants deny all remaining allegations in paragraph 29.

30.     Admit sentence 1.  In sentence 2, Defendants admit that the individual board members have policymaking authority for the Metropolitan Police Department and that plaintiff has named them in their official capacity; however, Defendants deny that plaintiff has stated a claim against the individual board members upon which relief can be granted and deny that plaintiff is entitled to the relief requested.  Defendants deny all remaining allegations in paragraph 30.

31.     Defendants admit that Daniel Isom, was at all times relevant to the incidents described in the Amended Complaint, the Chief of Police for the Metropolitan Police Department and was the highest ranking police officer in the City of St. Louis.  Defendants deny the remaining allegations in this paragraph.

32.     Defendants admit that Defendant Leyshock, is and was at all times relevant to the incidents described in the Amended Complaint, the

6

Captain and Commander of the Third District for the Metropolitan Police Department.  Defendants deny the remaining allegations in this paragraph.

33.      Defendants admit that Defendant Andrew Wismar is, and was at all times relevant to the incidents alleged in the Amended Complaint, a police officer with the St. Louis Metropolitan Police Department.  Defendants admit that he has been sued in his official capacity as a police officer and in his individual capacity; however, Defendants deny that Plaintiff has stated a claim upon which relief can be granted and denies that Plaintiff is entitled to the relief requested.  Defendants deny all remaining allegations in paragraph 33.

34.      This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

35.      This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendant denies the same.

36.      This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

37.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

38.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

39.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

40.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

41.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

42.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

43.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

## JURISDICTION AND VENUE

44.      Plaintiff's statement as to jurisdiction is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendants admit that this Court has original jurisdiction over cases brought pursuant to 42 U.S.C. § 1983, but deny that Plaintiff has stated a claim upon which relief can be granted.

45.      Plaintiff's statement as to supplemental jurisdiction is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendants admit that this Court has supplemental jurisdiction over cases brought pursuant to 28 U.S.C. § 1367, but deny that Plaintiff has stated a claim upon which relief can be granted.

46.      Plaintiff's statement as to venue is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendants admit that venue is proper in this Court.

47.      Plaintiff's statement as to divisional venue is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendants admit that venue is proper in this division of the Court.

48.      Deny.

## BACKGROUND

49.      Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

50.      Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

51.      Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

52.      Defendants admit that Plaintiff was arrested at an intersection near the southwest corner of Fox Park in the City of St. Louis around 7:00 p.m. on August 20, 2011 by police officers from the St. Louis Metropolitan Police Department on suspicion of petty larceny.   Defendants deny all remaining allegations in paragraph 52.

53.      Defendants are without sufficient information to admit or deny the allegations of this portion of the Amended Complaint.  To the extent that a further response is required, Defendants deny the same.

54.      Deny.

55.      Deny.

56.     Defendants admit that Plaintiff was unarmed at the time of his arrest, but deny all remaining allegations in paragraph 56.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Deny.

61.     Defendants admit that Plaintiff was transported in the custody of the Metropolitan Police Department to the Substation where he was booked after his arrest.   The remaining portion of the Amended Complaint is directed to other defendants.   To the extent that a response is required, Defendants deny the same.

62.     Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

63.     Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

64.     Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

65.     This portion of this paragraph is directed to other defendants. To the extent that a response is required, Defendants deny the same.

66.     Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph. To the extent that a response is required, Defendants deny the same.

67.     This portion of this paragraph is directed to other defendants. To the extent that a response is required, Defendants deny the same.

68.     This portion of this paragraph is directed to other defendants. To the extent that a response is required, Defendants deny the same.

69.     Admit.

70.     This portion of this paragraph is directed to other defendants. To the extent that a response is required, Defendants deny the same.

71.     This portion of this paragraph is directed to other defendants. To the extent that a response is required, Defendants deny the same.

72.     This portion of the Amended Complaint is directed to other defendants. To the extent that a response is required, Defendants deny the same.

73.     This portion of the Amended Complaint is directed to other defendants. To the extent that a response is required, Defendants deny the same.

74.      Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

75.      Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

76.      Deny.

77.      This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

78.      This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

79.      This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

80.      Defendants are without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

81.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

82.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

83.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

84.    Deny.

85.    Deny.  The remaining portions of this paragraph are directed to other defendants.  To the extent that a response is required, Defendants deny the same.

86.    Defendants are without sufficient information to admit or deny the allegation that Corey Darmel Leonard was being held at the St. Louis County Justice Center in Clayton, Missouri throughout the time that Plaintiff was being held.  To the extent that a response is required, Defendants deny the same.  Defendants deny the remaining allegations in this paragraph.  The remaining portions of this paragraph are directed to other defendants.  To the extent that a response is required, Defendants deny the same.

14

87.     Defendants are without sufficient information to admit or deny the allegation that Plaintiff protested that he was misidentified, that he did not know Corey Darmel Leonard, and that he was not involved in any criminal activity with Mr. Leonard.   To the extent that a response is required, Defendants deny the same.   Defendants deny sentences 3 and 4. The remaining portions of this paragraph are directed to other defendants. To the extent that a response is required, Defendants deny the same.

88.     Deny.

89.     Defendants are without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

90.     Defendants are without sufficient information to admit or deny the allegations in this paragraph.  To the extent that a response is required, Defendants deny the same.

91.     Deny.  The remaining portions of this paragraph are directed to other defendants.  To the extent that a response is required, Defendants deny the same.

92.     Deny.

93.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

94.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

95.     Deny.   The remaining portions of this paragraph are directed other defendants.  To the extent that a response is required, Defendants deny the same.

## COUNT I – FOURTH AMENDMENT

96.     Defendants incorporate their responses to paragraphs 1 through 95 by reference as if fully set forth herein.

97.     Deny paragraph 97 and all its subparts.

98.     Deny.

99.     Deny.

100.    Deny.

101.    Deny.

102.    Deny.

103.    Deny.

104.    This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

105.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

106.     This allegation is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendants deny the same.

107.     Deny.

108.     Deny.

109.     Deny.

## COUNT II – FOURTEENTH AMENDMENT

110.     Defendants incorporate their responses to paragraphs 1 through 95 by reference as if fully set forth herein.

111.     Deny paragraph 111 and all its subparts.

112.     Deny paragraph 112 and all its subparts.

113.     Deny.

114.     This portion of the Amended Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

115.     This portion of the Complaint is directed to other defendants.  To the extent that a response is required, Defendants deny the same.

116.    This allegation is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendants deny the same.

117.    Deny.

118.    Deny paragraph 118 and all its subparts.

119.    Deny.

120.    Deny.

**COUNT III – FOURTH AMENDMENT: EXCESSIVE FORCE**

121.    Defendants incorporate their responses to paragraphs 1 through 95 by reference as if fully set forth herein.

122.    Deny.

123.    Sentence 1 is a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the same. Defendants deny sentence 2.

124.    This allegation is a legal conclusion to which no response is required.  To the extent that a further response is required, Defendants deny the same.

125.    Deny paragraph 125 and all its subparts.

126.    Deny.

127.    Deny.

128.    Deny paragraph 128 and all its subparts.

18

129.     Deny.

## COUNT IV – FALSE ARREST AND FALSE IMPRISONMENT

130.     Defendants incorporate their responses to paragraphs 1 through 95 by reference as if fully set forth herein.

131.     Deny.

132.     Deny paragraph 132 and all its subparts.

133.     This allegation is a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the same.

134.     Deny paragraph 134 and all its subparts.

135.     This allegation is a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the same.

136.     Deny.

137.     Deny.

## PRAYER FOR RELIEF

Based on the foregoing, Defendants respectfully asks this Court to enter judgment in their favor as to all allegations of the Amended Complaint, deny all of Plaintiff's claims for damages, costs and fees, award Defendants their costs, and/or any and all such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Defendants demand a jury trial on all issues triable to a jury.

## ADDITIONAL RESPONSES

Defendants deny all allegations in the Amended Complaint not specifically admitted herein.

Defendants deny that Plaintiff is entitled to any of the relief requested in the Amended Complaint.

## DEFENDANTS' ADDITIONAL ANSWERS
## AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

### Second Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that the claims against them in their official capacity are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

### Third Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that, to the extent they are sued in their individual capacities, they are entitled to qualified immunity for all claims because any and all actions

taken by them in regard to Plaintiff were done under the reasonable and good faith belief that said actions were constitutional.

### Fourth Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that, to the extent they are sued in their individual capacities, they are entitled to official immunity and the public duty doctrine because their actions were discretionary and performed pursuant to official duties owed to the public.

### Fifth Affirmative Defense

For further answer, and as an affirmative defense, to the extent that Plaintiff has sued Defendants in their official capacities, they are not "persons" within the meaning of 42 U.S.C. § 1983.  Therefore, Plaintiff fails to state a claim under § 1983 upon which relief can be granted.

### Sixth Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that the injuries and/or damages suffered by Plaintiff were due to and caused by reasons of Plaintiff's own acts and conduct, and accordingly, the principles of comparative fault should be applied.

### Seventh Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that all of their actions with respect to Plaintiff were taken in the good-faith belief that those actions complied with all applicable laws.

### Eighth Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that punitive damages are not available for the actions alleged in the Amended Complaint under federal and state law.

### Ninth Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that, to the extent applicable in this action, they are entitled to apportionment of fault between and among all appropriate parties, individuals, and entities, and are entitled to have such apportionment and allocation of fault among all appropriate parties, individuals, and entities whom the evidence indicates may be liable to Plaintiff, and that each such party, individual, and entity should be apportioned and allocated its respective percentage or portion of fault by the trier of fact.

### Tenth Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that, to the extent applicable, Plaintiff cannot recover damages for injuries

that he failed to mitigate by seeking, and complying with, appropriate medical treatment.

### Eleventh Affirmative Defense

For further answer, and as an affirmative defense, Defendants state that, to the extent applicable, Plaintiff cannot recover damages for unnecessary healthcare and/or professional care, thereby requiring a reduction of any damages awarded in this case.

### Twelfth Affirmative Defense

If a Defendants or other party makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual, or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

### Thirteenth Affirmative Defense

For further answer, and as an affirmative defense, Defendants incorporate each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendants specifically reserve the right to amend their Answer to include additional affirmative defenses at a later time.

WHEREFORE having fully answered Plaintiff's Amended Complaint, Defendants respectfully request that this Court enter judgment in their favor, award Defendants costs and expenses incurred in this action, and for such further relief as this Court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/ *Karin A. Schute*
Karin A. Schute, #62019MO
Christopher G. Hoell, #54011MO
Assistant Attorneys General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, Missouri  63188
Phone:  (314) 340-7861
Fax:  (314) 340-7029
*Attorneys for Defendants Francis Slay, Jr., Thomas Irwin, Bettye Battle-Turner, Richard H. Gray, Daniel Isom, Gerald Leyshock, and Andrew Wismar*

24

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 22 day of March, 2013, I electronically filed the foregoing with the clerk of this Court by using the CM/ECF system, to be served by operation of the Court's electronic filing system, to the following:

Mr. James O. Hacking, III
Ms. Jennifer L. Shoulberg
Hacking Law Practice, LLC
34 N. Gore, Suite 101
St. Louis, Missouri 63119
*Attorney for Plaintiff*


Daniel J. Emerson
City Counselor's Office
Room 314, City Hall
St. Louis, MO 63103
*Attorney for Defendants St. Louis City Sheriff's Department, Sheriff Murphy, St. Louis City Division of Corrections, and Bryson*


/s/ *Karin A. Schute*
Assistant Attorney General