UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV00107 AGF |
| | ) | |
| ST. LOUIS BOARD OF | ) | |
| POLICE COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Plaintiff Cedric Wright for leave to file a first amended complaint that adds class action allegations. (Doc. No. 51.) Defendants have opposed the motion (Doc. Nos. 59, 60), and for the reasons set forth below, Plaintiff's motion shall be denied.

**BACKGROUND**

On January 19, 2012, Plaintiff filed an individual action against various individuals associated with law enforcement and governmental entities in which he alleges that his constitutional and civil rights were violated when he was arrested, based upon a mistaken-identity, and thereafter unlawfully detained after the mistake in identity had been recognized. More specifically, Plaintiff alleges that on August 20, 2011, he was mistakenly arrested and detained by St. Louis City police officers on three outstanding warrants issued for Corey Darmel Leonard. Less than 48 hours after his arrest, Plaintiff had a court appearance in which the error was recognized, and the judge entered an order

directing his release.  Despite the order of release, Plaintiff was transported to a workhouse, where he remained in custody until October 20, 2011.

Based on these events, Plaintiff filed a four-count complaint against various members of the St. Louis Police Department, the St. Louis City Sheriff's Department, and the St. Louis City Division of Corrections, alleging violations of his constitutional rights under the Fourth and Fourteenth Amendments, as well as Missouri state law claims of false arrest and false imprisonment.  Plaintiff now seeks leave to amend his complaint to assert his claims as a class action.

## DISCUSSION

The Court may grant a plaintiff's motion to certify a class action only if the putative class representative fulfills all four of the components set forth in Rule 23(a) and the class action falls within one of the three types of class actions enumerated in Rule 23(b).  *Rattray v. Woodbury Cnty., Iowa*, 614 F.3d 831, 834-35 (8th Cir. 2010).  The prerequisites for a class action "under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation."  *Id.* at 835; *see generally Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).  It is the plaintiff's burden to establish that the case meets all the requirements for class certification and that he meets the requirements to be the class representative.  *Bishop v. Comm. on Prof'l Ethics & Conduct*, 686 F.2d 1278, 1288 (8th Cir. 1982).

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).

**Prerequisites of Rule 23(a)**

Courts "must conduct a rigorous analysis to determine whether the prerequisites for a class action under Rule 23(a) are satisfied." *Rattray*, 614 F.3d at 835 (internal citations and quotations omitted). In this case, Plaintiff's proposed class "consists of all persons who have been arrested pursuant to a warrant for another person and then detained and incarcerated as a result of Defendants' failure to check the individual identities, from April 2010 through the present." (Doc. 51 at 2.)

**Numerosity**

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While courts examine the likely number of plaintiffs in the proposed class, *see Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982), courts also consider the "nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." *Id.* at 559-60.

In support of his motion, Plaintiff asserts that two other individuals have filed similar civil lawsuits alleging wrongful arrest and detention due to misidentification, that local news reports suggest that there may be other individuals who have been wrongly incarcerated due to misidentification, and that his counsel has been contacted by four other people who claim to have been wrongfully detained. (Doc. 51 at 1-2.) In his reply, Plaintiff lists four other individuals "who would likely fit" within his defined class. (Doc. 65 at 4.) Thus, Plaintiff has identified just ten potential plaintiffs other than himself. Although the Eighth Circuit has "not established any rigid rules regarding the necessary

size of the class" to satisfy the numerosity requirement, *see Emanuel v. Marsh*, 828 F.2d 438, 444 (8th Cir. 1987), *vacated on other grounds*, 487 U.S. 1229 (1988), a class of ten hardly seems sufficient. *See Bartleson v. Winnebago Inds., Inc.*, 219 F.R.D. 629, 639 (N.D. Ia. 2003) (holding potential class of 21 members insufficient to meet numerosity). Nor is the Court persuaded that the nature and size of the claims makes the pursuit of individual suits unlikely.

**Commonality**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The plaintiff must show that "a classwide proceeding will 'generate common *answers* apt to drive the resolution of the litigation.'" *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011)). In determining "whether common questions predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005).

In this case, Plaintiff argues that the "pertinent common question of law . . . focuses on governmental liability" stemming from Defendants' policies or procedures that allegedly caused each class member to suffer a deprivation of his constitutional rights. (Doc. 65 at 8.) In contrast, Defendants point to the fact patterns unique to each class member. (Doc. 59 at 5-6; Doc. 60 at 5.) The Court agrees that there may be at least one common question of law, and the balancing of these factors will be considered later under Rule 23(b)(3).

**Typicality**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This prerequisite can be met if the claims or defenses all stem from a single event, or the plaintiff can demonstrate that the class shares the same or similar grievances. *See Paxton,* 688 F.2d at 562. "The burden of showing typicality is not an onerous one." *Id.* However, "[t]he presence of a common legal theory does not establish typicality when proof of a violation requires individualized inquiry." *Elizabeth M. v. Montenez*, 458 F.3d 779, 787 (8th Cir. 2006); *Parke v. First Reliance Stnd. Life Ins. Co.,* 368 F.3d 999, 1004-05 (8th Cir. 2004).

Plaintiff has defined the potential class members as those "who have been arrested pursuant to a warrant for another person and then detained and incarcerated as a result of Defendants' failure to check the individuals' identities." (Doc. 51 at 2.) Defendants argue that "highly-specific and individualized factual differences will predominate any determination of liability to [the] proposed class members, thus defeating the typicality prerequisite." (Doc. No. 60 at 6.) The Court agrees with Defendants; Plaintiff's claims are not necessarily typical of the claims of other putative class members.

**Adequacy of Representation**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiff did not address this point in his initial motion, as noted by Defendants. In his reply, Plaintiff vigorously asserts that both he and counsel are willing and able to adequately represent the class members, and the Court has no reason at this time to dispute his contention.

In summary, Plaintiff has satisfied the Rule 23(a) prerequisites of commonality and adequacy of representation. Plaintiff falls short, however, in demonstrating that the proposed class action meets the numerosity and typicality prerequisites, and these shortcomings are fatal to his motion seeking class certification.

**Requirements of Rule 23(b)**

Even if Plaintiff had cleared all four hurdles of Rule 23(a), he would still need to satisfy at least one of the requirements of Rule 23(b) by showing that the action is maintainable under Rule 23(b)(1), (2), or (3). *Amchem Prods., Inc.*, 521 U.S. at 614.

### Rule 23(b)(1)

In his motion, Plaintiff asserts that "prosecution of separate actions by individual members of the class would create a risk of inconsistent or incompatible standards of conduct for Defendants, thereby making a class action the superior method of adjudicating the controversy." (Doc. No. 51 at 4.) However, he abandons this argument in his reply, urging the Court to certify the class under Rule 23(b)(2) or, in the alternative, Rule 23(b)(3). (Doc. No. 65 at 15, 19.)

Even though Plaintiff does not press for certification under Rule 23(b)(1), the Court agrees with Defendants' position that separate actions and judgments would not necessarily lead to incompatible standards, given the fact-specific nature of each putative plaintiff's claims. (*See* Doc. No. 59 at 9.) Thus, certification under Rule 23(b)(1) is not appropriate.

**Rule 23(b)(2)**

Rule 23(b)(2) permits class actions for declaratory or injunctive relief where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). For each count of the complaint, Plaintiff seeks compensatory and punitive damages against each Defendant. In Counts I, II and III, he also seeks injunctive and declaratory relief regarding the training programs provided by each of the Defendant municipal organizations.

Defendants contend that Plaintiff's action primarily seeks damages, rather than injunctive relief. (Doc. No. 60 at 3.) Defendants also contend that injunctive and declaratory relief "are not the most appropriate remedies in this case" because neither Plaintiff nor any of the proposed class members allege that they are "currently (and wrongfully) in the custody of any of the Defendants." (Doc. No. 59 at 10-11.) Plaintiff strongly disagrees, claiming that his primary focus is on the policies and practices of Defendants. (Doc. No. 65 at 19.)

"Class certification under Rule 23(b)(2) is proper *only* when the primary relief sought is declaratory or injunctive." *In re St. Jude Med., Inc.,* 425 F.3d 1116, 1121 (8th Cir. 2005) (emphasis added).

> At base, the (b)(2) class is distinguished from the (b)(3) class by class cohesiveness . . . . Injuries remedied through (b)(2) actions are really group, as opposed to individual injuries. The members of a (b)(2) class are generally bound together through "preexisting or continuing legal relationships" or by some significant common trait such as race or gender.

*Id.* at 1122. *See also Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1035 (8th Cir. 2010).

In this case, there is no allegation of any "class cohesiveness" as discussed in *Avritt* and *In re St. Jude Med.* Further, the Court agrees with Defendants that at least some of the named defendants "did not act on grounds generally applicable to the class members." (Doc. No. 59 at 10.) Accordingly, class certification is not appropriate under Rule 23(b)(2).

**Rule 23(b)(3)**

"To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy." *Amchem Prods., Inc.*, 521 U.S. at 615 (internal quotes omitted); *see also Comcast Corp. v. Behrend*, ___ U.S. ___, 2013 WL 1222646 at *4-5 (Mar. 27, 2013).

As the Court noted above in discussing the commonality prerequisite, Plaintiff may have established some common questions of fact and law regarding Defendants' policies, practices, and training. However, as Defendants indicate, the Court would be required to make numerous separate findings with respect to each of the class members, such as whether there was probable cause for the arrest, what transpired after the arrest, and what policies were or were not in force at the time of each incident. Moreover, the various "Doe" defendants referenced in the proposed amended complaint will likely differ from one class plaintiff to another. Likewise, the actions of and information available to any single "Doe" defendant will necessarily differ with respect each class plaintiff. As such, the Court finds that the questions affecting individual class members far outweigh any

8

common questions of fact or law in this matter. Thus, class certification is not appropriate under Rule 23(b)(3).

**Request for Leave to Amend**

The Court is aware that a party may obtain leave of court to file amended pleadings, and that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend need not be given for reasons as "'undue prejudice to the non-moving party, or futility of the amendment.'" *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 974 (8th Cir. 2008) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)). Here the parties have fully briefed issues of class certification, and the Court concludes that class action certification would not be appropriate in this case. As such, amendment on this ground would be futile.

## CONCLUSION

For the reasons stated above, class certification is not appropriate in this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file his first amended class action complaint is **DENIED.** (Doc. No. 51.)

Dated this 29th day of March, 2013.

*/Audrey G. Fleissig/*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE