IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC M. WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>ST. LOUIS BOARD OF POLICE COMMISSIONERS,<br>  et al.,<br><br>Defendants. | Case No. 12-CV-107-AGF |

**DEFENDANTS SLAY, IRWIN, BATTLE-TURNER, GRAY & ISOM'S
FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANTS SLAY, IRWIN, BATTLE-TURNER, GRAY & ISOM**

Defendants Francis Slay, Thomas Irwin, Bettye Battle-Turner, Richard Gray, and Daniel Isom, by and through counsel, and submit the following as their first supplemental answers and objections to Plaintiff's Interrogatories.

**Definitions and Instructions**

Defendants incorporate the General and Specific Objections set forth in their Answers and Objections to Plaintiff's First Set of Interrogatories to Defendants Slay, Irwin, Battle-Turner, Gray & Isom.

1

## **INTERROGATORIES**

6. State whether SLMPD officers thereafter transferred Plaintiff to the 3rd District Station located at 3157 Sublette ("3rd Dist. Station") and, if so, state:

   a. The exact date and time of the transfer;

   b. The name, rank and address of the officer(s) who had custody of Plaintiff in transit to the 3rd Dist. Station;

   c. The name, rank and address of any officers who performed the transfer;

   d. The names of any known witnesses to the transfer;

   e. The name, rank and address of the officer(s) who booked Plaintiff;

   f. What steps, if any, the officers completed in order to ascertain Plaintiff's identity prior to his transfer and booking;

   g. Whether the transfer and booking was audio, video or digitally recorded;

   h. The name, rank and address of the officer(s) on duty at the 3rd Dist. Station while Plaintiff was in SLMPD custody at the 3rd Dist. Station, from on or about August 20, 2011 through the time Plaintiff was transferred to the St. Louis City Justice Center; and

> i. Identify any non-privileged documents refer to, relate to, reference or document the answers provided to this Interrogatory.

**ANSWER:**

Objection. Defendants object that this interrogatory is overbroad because it seeks the identity of "documents that refer to, relate to, reference or document."

Subject to and without waiving the foregoing objections, defendants respond as follows:

Yes, SLMPD officers transported Plaintiff from the scene of his arrest to the South Patrol Substation.

> a. August 20, 2011; Plaintiff was arrested at approximately 7:00 p.m. (Wright 2-7) and was booked at approximately 9:00 p.m. (Wright 10).
>
> b. Police Officer Brian Eisele and Police Officer Andrew Wismar; 1200 Clark Avenue, St. Louis, MO 63102 (Wright 2-7).
>
> c. Same as b (Wright 2-7).
>
> d. Same as b (Wright 2-7).
>
> e. Police Officers Brian Eisele and Andrew Wismar were involved in the booking of Plaintiff (Wright 7). Joyce Murphy, booking officer, was also involved in the booking of Plaintiff (Wright 10). The booking was approved by Sergeant Michael Regan (Wright 8). The charges were approved by Lieutenant Daryle Noble (Wright 10). Each individual is employed at 1200 Clark Avenue, St. Louis, MO 63103.

3

 f. According to the Incident Report, CN 11-046869, Gale Kendrick, the witness to the petty larceny, identified Plaintiff as the man that stole merchandise from the Phillips 66 at which she worked as a clerk (Wright 3, 7). The arresting officers also ran a REJIS check which revealed an outstanding warrant (Wright 7). Defendants defer to Officers Wismar and Eisele as to the specific steps that they took in order to ascertain Plaintiff's identity prior to his transfer and booking.

 g. The booking of plaintiff was not audio, video, or digitally recorded. Defendants believe that the transport of Plaintiff from the scene to the South Patrol Substation may have been recorded by an in-car camera on August 20, 2011. In-car camera footage is not linked to a specific police report or complaint number, so Defendants cannot be completely certain that the video footage is of Plaintiff. Nonetheless, the timing of the video footage seems to correspond with the timing of Plaintiff's arrest. The in-car camera records audio if the police vehicle reaches a particular speed, lights or sirens are activated, the police vehicle is impacted, or the officers turn on the audio recorder. The arresting officers turned on their lights or siren for a brief moment during Plaintiff's transport, resulting in a very small amount of audio recording.

 h. Objection. Defendants object that this subpart is overbroad, not sufficiently limited in time or scope to the allegations contained in the Complaint, and not reasonably calculated to lead to the discovery of admissible evidence.

 i. Wright 1-12, which were previously produced to counsel for plaintiff on September 20, 2012. Also see the attached CD containing video and some audio footage from the in-car camera on August 20, 2011, bates labeled Wright 772.

8. State whether SLMPD officers thereafter transferred Plaintiff from the 3rd Dist. Station to the St. Louis City Justice Center ("Justice Center").

   a. The exact date and time of the transfer;

   b. The name, rank and address of the officer(s) who had custody of Plaintiff in transit to the Justice Center.

   c. The name, rank and address of any officers who performed the transfer;

   d. The name and address of any civilian employees of the SLMPD involved in the Justice Center's receipt of Plaintiff;

   e. The names of any known witnesses to the transfer;

   f. What steps, if any, the officers completed in order to ascertain Plaintiff's identity prior to receiving Plaintiff at the Justice Center;

   g. Whether the receipt of Plaintiff was audio, video or digitally recorded;

   h. The name, rank and address of the officer(s) on duty at the Justice Center while Plaintiff was in SLMPD custody at the Justice Center; and

i. Identify any non-privileged documents that refer to, relate to, reference or document the answers provided to this Interrogatory.

**ANSWER:**

Objection. Defendants object that this interrogatory is overbroad because it seeks the identity of "documents that refer to, relate to, reference or document."

Subject to and without waiving the foregoing objections, defendants respond as follows:

Yes, SLMPD officers transported Plaintiff from the South Patrol Substation to the City Justice Center.

a. August 21, 2011; approximately 1:24 a.m.

b. Police Officer Eric Parrish, DSN 6472, and Police Officer David Crocker, DSN 8454 transported Plaintiff to the Justice Center (Wright 13). Eddie Mooring, DSN 1922 released Plaintiff to the Sheriff's Department (Wright 10). Each individual is employed at 1200 Clark Avenue, St. Louis, MO 63103.

c. Same as b.

d. Felicia White, DSN 3258; Sanchez Rogers, DSN 6967 (Wright 13); Eddie Mooring, DSN 1922 (Wright 10). Each individual is employed at 1200 Clark Avenue, St. Louis, MO 63103.

e. Same as b-d.

f. Defendants defer to the individual officers and civilian employees that interacted with Plaintiff as to the specific steps that they

      took in order to ascertain Plaintiff's identity prior to receiving him at the Justice Center.

    g. The receipt of Plaintiff was not audio, video or digitally recorded.

    h. Objection. Defendants object that this subpart is overbroad, not sufficiently limited in time or scope to the allegations contained in the Complaint, and not reasonably calculated to lead to the discovery of admissible evidence.

    i. Wright 10, 13, which were previously produced to counsel for plaintiff on September 20, 2012.

11. State whether, in the five years preceding Plaintiff's arrest on August 20, 2011, the SLMPD received any written complaints, warnings, claims, lawsuits or correspondence ("Complaint") regarding the failure, or alleged failure of SLMPD officers, to properly identify an individual in custody and, if so, state:

    a. The name of the individual making the Complaint;

    b. The date of the Complaint;

    c. The length of time the individual was held in SLMPD custody;

    d. The name of any officer(s) involved in the detention of the Complainant;

    e. What steps, if any SLMPD, took to investigate the Complaint;

 f. What changes to SLMPD policies, if any, were made in response to the Complaint; and,

 g. Identify any non-privileged documents that refer to, relate to, reference or document the answers provided to this Interrogatory.

**ANSWER:**

Objection. Defendants object that this interrogatory is overbroad, vague, and ambiguous as to the words "complaints," "warnings," "claims," and "correspondence." Defendants object that this interrogatory is overbroad because it seeks the identity of "documents that refer to, relate to, reference or document." Defendants further object that this information regarding lawsuits is equally available to the plaintiff.

Subject to and without waiving the foregoing objections, Defendants answer as follows:

In the five years prior to August 20, 2011, Defendants did not receive any citizen complaints or internal complaints regarding the failure, or alleged failure of SLMPD officers, to properly identify an individual in custody.

However, for documents that refer to or relate to a question as to the identity of an arrestee, see attached Fingerprint Orders from 2007 to 2012, bates labeled Wright 860-1070; and CD containing Alias Notification Emails,

8

from 2008 to February 2013, bates labeled Wright 1348-49113, which are being produced pursuant to this Court's protective order.

13. State whether the SLMPD participated in the IBM Smarter Cities Challenge ("Smarter Cities") program in any way, and, if so, state:

  a. The name of the SLMPD employee, supervisors and or Board members who were involved in Smarter Cities;

  b. The date Smarter Cities started;

  c. The date and time of all meetings of Smarter Cities participants;

  d. The names of all entities and individuals known to you who have participated in Smarter Cities;

  e. The reason(s) Smarter Cities was initiated;

  f. The reason(s) that the SLMPD participated in Smarter Cities;

  g. What changes to SLMPD policies, if any, were made in response to Smarter Cities; and,

  h. Identify any non-privileged documents that refer, reference or relate to the answers provided to this Interrogatory.

**ANSWER:**

Objection. Defendants object that this Interrogatory is overbroad and not sufficiently limited in time and scope to the allegations contained in the

9

Complaint; and therefore, is not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, defendants respond as follows:

Yes, SLMPD participated in the IBM Smarter Cities Challenge.

    a. Daniel Isom, Paul Nocchiero, Rochelle Jones, Ken Hailey, Dele Oredugba (see IBM 21, 27)

    b. Unknown; Defendants defer to IBM as to the remaining entities that participated in the program; also see IBM's Smarter Cities Challenge: St. Louis Report;

    c. Unknown; Defendants defer to Defendants defer to IBM as to the remaining entities that participated in the program; also see IBM's Smarter Cities Challenge: St. Louis Report;

    d. St. Louis Metropolitan Police Department; Defendants defer to IBM as to the remaining entities that participated in the program; also see IBM's Smarter Cities Challenge: St. Louis Report;

    e. Defendants did not initiate this program and defer to IBM and the City of St. Louis as to the reason that the program was initiated; also see IBM's Smarter Cities Challenge: St. Louis Report;

    f. SLMPD participated in the Smarter Cities Challenge in order to contribute to the improvement of the City of St. Louis;

    g. In response to IBM's report, SLMPD has implemented several recommendations related to data sharing and information flow, including the use of criminology research from University of Missouri-St. Louis and Dr. Rick Rosenfeld. In addition, Chief Dotson and the Public Information Division have expanded their use of Social Media. SLMPD has installed GPS in patrol cars and is working to create a Special Order related to the GPS systems. The Special Order is still in the review process.

    h. See documents, bates labeled IBM 1-205, produced by IBM in response to a subpoena.

15. State whether the SLMPD is participating in the Prisoner Identification Verification and Optimization Team ("PIVOT") program in any way, and, if so, state:

    a. The name of the SLMPD employee, supervisors and or Board members who are involved in the PIVOT program;

    b. The date the PIVOT program started;

11

c. The date and time of all prior meetings of PIVOT program participants;

d. The names of all entities and individuals known to you who have participated in the PIVOT program;

e. The reason(s) the PIVOT program was initiated;

f. The reason(s) that the SLMPD is participating in the PIVOT program;

g. What changes to SLMPD policies, if any, were made in response to the PIVOT program; and,

h. Identify any non-privileged documents that refer, reference or relate to the answers provided to this Interrogatory.

**ANSWER:**

Objection. Defendants object that this Interrogatory is overbroad and not sufficiently limited in time and scope to the allegations contained in the Complaint; and therefore, is not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, defendants respond as follows:

SLMPD responded affirmatively to Eddie Roth's request for participation in the PIVOT program.

a. Eddie Roth asked for the participation of the following St. Louis Metropolitan Police Department employees: Daniel Isom, Dele Oredugba, Sherri Schaefer, Timothy Regan (Wright 716).

b. On January 29, 2012, Eddie Roth asked employees of the St. Louis Metropolitan Police Department to participate in PIVOT (Wright 716).

c. Unknown.

d. The following St. Louis Metropolitan Police Department employees were asked to meet with Eddie Roth or to contribute information to be used at a meeting with Eddie Roth to discuss issues related to PIVOT and the misidentification of prisoners: Paul Nocchiero, Vincent Simpher, Mark Garanzini, Andrew Crews, Timothy Regan, Michael Caruso, Samantha Webb, Angela Coonce, Billy March, Christian Stamper, Kevin Ahlbrand, Anthony Lachenicht. Ken Kegel, Victor Paciorko, Kevin Androff, Lawrence O'Toole, Daniel Howard, Darrell Holmes, Cheryl Eaton, Carol Gorham. See attached documents from Major Michael Caruso regarding PIVOT and prisoner misidentification, bates labeled Wright 1072-1154, 49114-49115, which are being produced subject to this Court's protective order.

e. Defendants defer to Eddie Roth and Mayor Slay as to why the PIVOT program was initiated. However, according to the email from Eddie Roth, Mayor Slay asked Eddie Roth to develop a coordinated, system-

13

wide response to risks of arrest and confinement in St. Louis' corrections system based on misidentification (Wright 716).

f. Representatives from SLMPD met with Eddie Roth to discuss the problems and solutions related to the misidentification of prisoners and to determine what steps were being taken to minimize the occurrences of a prisoner being misidentified. See attached Emails from Michael Caruso, dated May 8, 2012 and June 27, 2012, bates labeled Wright 1104-1105, which are being produced subject to this Court's protective order.

g. SLMPD has reinforced its directives regarding identifications of suspects and arrestees and is continuing to improve its effort to ensure that suspects and arrestees are properly identified.

h. See the January 29, 2012 email from Eddie Roth and email attachments (Wright 716-771). Also see attached documents from Major Michael Caruso regarding PIVOT and prisoner misidentification, bates labeled Wright 1072-1154, 49114-49115, which are being produced subject to this Court's protective order.

STATE OF MISSOURI   )
                    )   SS
CITY OF ST. LOUIS   )


Subscribed and sworn to this 11th day of June, 2013

_____
Bridget R. Yates
Senior Paralegal


On this 11th day of June 2013, before me a Notary Public in and for said State, personally appeared, Bridget R. Yates, Senior Paralegal in the employ of the Board of Police Commissioners, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.


IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above-written.

_____
Notary Public


My Commission Expires: August 17, 2015

NATALIE C. HENSON
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 11228953
My Commission Expires August 17, 2015

NATALIE C. HENSON
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 11228953
My Commission Expires August 17, 2015

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

_____
Karin A. Schute, #62019MO
Christopher R. Hoell, #54011MO
Assistant Attorneys General
P.O. Box 861
St. Louis, MO 63188
Phone: (314) 340-7861
Fax: (314) 340-7029
*Attorneys for Defendants Battle-Turner, Gray, Irwin, Slay, Isom, Leyshock, and Wismar*

## CERTIFICATE OF SERVICE

A copy of the foregoing was placed in the U.S. mail, postage prepaid, this 12 day of June, 2013 to:

James O. Hacking, III
Jennifer L. Shoulberg
34 N. Gore, Suite 101
St. Louis, MO 63119
*Attorneys for Plaintiff*

Daniel Emerson
St. Louis City Counselor's Office
314 City Hall
St. Louis, MO 63103
*Attorneys for Defendants Bryson, Murphy, St. Louis City Division of Corrections, and St. Louis City Sheriff's Department*

_____