**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. 12-CV-107-AGF |
| | ) |
| FRANCIS SLAY, et al., | ) |
| | ) |
| Defendants. | ) |

PARTIAL TRANSCRIPT OF
DEPOSITION OF MARK L. GARANZINI
Taken on behalf of the Plaintiff
July 24, 2013

Reported by Margaret Walsh Chopin
CCR No. 997

MENAUGH FAUSER REPORTING
416 SOUTH WOODLAWN AVENUE
KIRKWOOD, MISSOURI  63122
OFFICE: (314) 965-7162
FAX: (314) 909-6631

```
            IN THE UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF MISSOURI
                     EASTERN DIVISION


CEDRIC M. WRIGHT,           )
                            )
          Plaintiff,        )
                            )
     -vs-                   ) Case No. 12-CV-107-AGF
                            )
FRANCIS SLAY, et al.,       )
                            )
          Defendants.       )
```

PARTIAL TRANSCRIPT OF DEPOSITION OF MARK L. GARANZINI, taken on behalf of the Plaintiff on the 24th day of July, 2013, between the hours of eight o'clock in the forenoon and six o'clock in the afternoon of that day, at the St. Louis Metropolitan Police Department, 1200 Clark Street, St. Louis, Missouri, before Margaret Walsh Chopin, a Certified Court Reporter and a Notary Public within and for the State of Missouri.

APPEARANCES

FOR THE PLAINTIFF
James O. Hacking, III
Jennifer L. Shoulberg
Hacking Law Practice, LLC
34 North Gore
Suite 101
St. Louis, Missouri  63119

FOR THE DEFENDANT SLMPD
Karin A. Schute
Attorney General of Missouri
P.O. Box 861
St. Louis, Missouri  63188

FOR THE DEFENDANT ST. LOUIS CITY
Daniel J. Emerson
St. Louis City Counselor
314 City Hall
St. Louis, Missouri  63103

MS. SCHUTE:  We're back on the record.

I, at this time, am going to make a verbal motion to terminate this deposition based on Rule 30, Subpart D, Subsection 3, which allows a party to move for termination of a deposition on the grounds that it's being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or the party.

At this time my motion is to limit any questions that are along the lines of alias e-mails, notifications or e-mails of correct LID numbers that came out after the issues in this case related to Cedric Wright which occurred in August of 2011.

We've been going in this deposition since ten o'clock.  It's now 2:44.  Mr. Garanzini has stated multiple times that he doesn't have a specific recollection of the instances that are included in these alias notifications.  I've made objections related to a lack of foundation, calls for speculation on his behalf, and in addition, any questions that relate to alias e-mail notifications that came out after Mr. Wright's arrest and incarceration lack relevance to the issues at hand.

So, at this time I'm moving to terminate the deposition.

MR. HACKING:  The defendants have taken the position that the problems brought to the Court's attention through this lawsuit by Mr. Wright have been resolved, that there's no reason to make any remedial measures that have been sought in the petition.

Mr. Garanzini has sent e-mails over the course of the last five years detailing the problems with various identifications, and Karin, I misspoke off the record.  We do have some that predate Mr. Wright.  So, I'd at least like to ask him about those, and then take up the issue of whether my questioning regarding post Cedric Wright arrest are relevant or oppressive.

MS. SCHUTE:  Before we go further, I just want to make the point that the Board of Police Commissioners and Officer -- or excuse me -- former Chief Isom and Officer Wismar have not taken the position that they have remediated every problem and that they've been ignorant in any way to these issues.  That's never a position that we've taken in this case, just for clarification, but how many e-mails do you have that relate to issues prior to Cedric Wright's arrest?

MR. HACKING:  It's five cases.

MS. SCHUTE:  Well, at this time I'm going to have the motion to terminate start now, regardless of whether those were before or after, because of the time

constraints, and the fact that Mr. Garanzini has, in almost I believe every single case we've gone through, over 100 exhibits, and every one that related to an e-mail he said he did not have a specific recollection of.

       MR. HACKING:  Well, first of all, the exhibit numbering does not start today.  It's the exhibits since the case began.

       Second of all, I'm entitled to inquire as to this witness' recollection as to various cases, and I believe that this motion itself is in bad faith, and that we are doing discovery to determine whether or not the SLMPD and other defendants had knowledge of the problem of misidentification that our questions and our documents, that we've brought with us here today, are reasonably calculated to lead to the discovery of admissible evidence, and that all of our questions are in good faith.

       So, we will ask the Court for expenses in responding to this motion and in terminating and rescheduling this deposition.

       MS. SCHUTE:  I have nothing else.  I will get a written motion on file.

       MR. HACKING:  Thanks, Mr. Garanzini.

       THE WITNESS:  Okay.

NOTARIAL CERTIFICATE

STATE OF MISSOURI   )
                    ) SS.
COUNTY OF ST. LOUIS )

      I, MARGARET WALSH CHOPIN, a Certified Court Reporter and a duly commissioned Notary Public within and for the State of Missouri, do hereby certify that I was present on the date and time aforementioned; and then and there took down by stenotype the proceedings, and the preceding pages are a true transcript of said proceedings.

_____
Margaret Walsh Chopin, CCR,
Notary Public within and for
the State of Missouri

MARGARET WALSH CHOPIN
My Commission Expires
October 15, 2014
St. Louis County
Commission #10504701