UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-00107 AGF |
| | ) | |
| ST. LOUIS BOARD OF | ) | |
| POLICE COMMISSIONERS et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHERIFF MURPHY'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT ST. LOUIS CITY SHERIFF JIM MURPHY**

1.      State the name, title, address and telephone number of the person answering

these Interrogatories.

**ANSWER:**

> **Michael William Guzy**
> **Administrative Assistant to Sheriff James Murphy**
> **1114 Market Street, Room 112**
> **St. Louis, MO  63101**

2.      Identify each person who you claim or believe has knowledge of facts relevant to

any claim or defense in this lawsuit, and for each such individual state briefly the matters about

which the individual has knowledge.

**ANSWER:**

> Objection, this Interrogatory seeks information above and beyond the requirements
> as provided in the Federal Rules of Civil Procedure, and is overly broad and unduly
> burdensome.  Subject to and without waiving said objection, Sheriff Murphy directs
> Plaintiff to the Deputy Sheriffs identified in the Rule 26(a) Disclosures.  It is
> anticipated that said Deputies will have knowledge of Plaintiff's transportation to
> and from scheduled court appearances from August 20, 2011 through October 20,



**2011.  Also, Michael Guzy will have knowledge of the policies and procedures that govern the operations of the Sheriff's Department.**

3.    State whether Corey Darmel Leonard has ever been in the custody of the Sheriff's Department and, if so, state:

   a.  The date(s) that Corey Darmel Leonard was taken into custody;

   b.  The date(s) that Corey Darmel Leonard was released from custody;

   c.  The charge(s) that caused Corey Darmel Leonard to be in custody;

   d.  Whether Corey Darmel Leonard was photographed by the Sheriff's Department;

   e.  Whether Corey Darmel Leonard was fingerprinted by the Sheriff's Department; and,

   f.  Identify any non-privileged documents that refer to, relate to, reference, or document the answers provided to this Interrogatory.

**ANSWER:**

   **No.**

4.    State whether Cedric Maurice Wright has ever been in the custody of the Sheriff's Department and, if so, state:

   a.  The date(s) and time(s) that Cedric Maurice Wright was taken into custody;

   b.  The date(s) and time(s) that Cedric Maurice Wright was released from custody;

   c.  The charge(s), warrants(s), or case number(s) that caused Cedric Maurice Wright to be in custody;

   d.  Whether Cedric Maurice Wright was photographed by the Sheriff's Department and the name and rank of the individual who took each photograph;

2

e.  Whether Cedric Maurice Wright was fingerprinted by the Sheriff's Department

and the name and rank of the individual who took his fingerprints; and,

f.  Identify any non-privileged documents refer to, relate to, reference, or

document the answers provided to this Interrogatory.

**ANSWER:**

**Yes.**

a.  **August 22, 2011; October 20, 2011;**
b.  **August 22, 2011; October 20, 2011;**
c.  **0822-CR05202; 0922-CR02343; and 0922-CR00381;**
d.  **No;**
e.  **No;**
f.  *See* **Transfer Records for Cedric Wright.**

5.  State whether the Sheriff's Department transferred custody of Plaintiff to/from

the St. Louis City Metropolitan Police Department and/or the St. Louis City Division of

Corrections between August 20, 2011 and October 20, 2011 and, if so, for each instance state:

a.  The exact date and time of the transfer;

b.  The name, rank and address of any Sheriff's Department officer or deputy who

was involved in the transfer;

c.  State whether the transfer was to/from the St. Louis City Metropolitan Police

Department or whether the transfer was to/from the St. Louis City Division of

Corrections;

d.  State, if known, the name and rank of any St. Louis City Metropolitan Police

Department or St. Louis City Division of Corrections employee or officer who

was involved in the transfer;

e.  The names of any known witnesses to the transfer;

f. What steps, if any, the Sheriff's Department completed in order to ascertain Plaintiff's identity prior to receiving custody from the St. Louis City Metropolitan Police Department or the St. Louis City Division of Corrections;

g. Whether the receipt of Plaintiff was audio, video or digitally recorded;

h. The name, rank and address of the officer(s) on duty at the Justice Center while Plaintiff was in the Sheriff's Department's custody at the Justice Center or the St. Louis City Circuit Court; and,

i. Identify any non-privileged documents that refer to, relate to, reference, or document the answers provided to this Interrogatory.

**ANSWER:**

Yes.

a. August 22, 2011; October 20, 2011;
b. Deputy Sheriff Benjamin Goins, Jr.; Deputy Sheriff Shane Madden;
c. From the Justice Center to Circuit Court and back to the Justice Center;
d. N/A;
e. N/A;
f. Deputy Sheriffs rely upon identification bracelet worn by detainees provided by the St. Louis Metropolitan Police Department ("SLMPD") and/or Division of Corrections ("Corrections");
g. No;
h. Sheriff's Department does not have information responsive to this Interrogatory;
i. *See* Transfer Records for Cedric Wright.

6. State, in detail, all duties of the Sheriff's Department associated with an individual who has been arrested or is otherwise being detained while at the Justice Center and the St. Louis City Circuit Court:

**ANSWER:**

Objection, overly broad and vague. Subject to and without waiving said objection, the Sheriff's Department is responsible for the safety and security of thirty-one

**divisional courtrooms of the Twenty-Second Judicial Circuit Court and the transportation of prisoners between the Courts and detention facilities. The Sheriff also has the duty of serving court papers, eviction notices, and issuing concealed carry permits.**

7.     State, in detail, the duties of the Sheriff's Department after a Judge at the St. Louis City Circuit Court orders the release of an individual from incarceration because they were the improper defendant, including:

    a. The name, title, address of any agent or employee of the Sheriff's Department involved in processing orders issued by Judge Hogan in Division 26 in the Twenty-Second Judicial Circuit Court in the City of St. Louis, on August 22, 2011, and their respective job duties, including the individual in charge of entering the Judge's order and notifying the Division of Corrections and/or the St. Louis Metropolitan Police Department that the Judge ordered an individual to be released;

    b. Identify any forms used by the Sheriff's Department when an individual is released from incarceration or their custody; and,

    c. What the Sheriff's Department does to determine whether an individual ordered released has remaining outstanding warrants.

    d. What the Sheriff's Department does, if anything, to prevent that individual from being subsequently arrested under the same name upon which the Judge ordered their release.

    e. Identify any non-privileged documents that refer to, relate to, reference, or document the answers provided to this Interrogatory.

**ANSWER:**

5

**Employees of the Sheriff's Department do not process nor enter Court Orders relative to the prisoners they transport between the Courts and detention facilities. Deputy Sheriffs convey any Court Orders to Corrections when the prisoner is transported back to the detention facility. According to the Sheriff's Transfer Records for August 22, 2011, Deputy Sheriff Benjamin Goins, Jr., transported Plaintiff from the Justice Center to Division 26 and back to the Justice Center. The Sheriff's Department does not use a form when prisoners are returned to the detention center. A Sheriff's Department employee runs the local identification number of all prisoners ordered released through Regional Justice Information Services to determine if said prisoner has any outstanding warrants. The Sheriff of the City of St. Louis does not enforce the general criminal laws of the State of Missouri and therefore does not have the legal authority to arrest an individual.**

8.    State whether the Sheriff's Department maintains any processes, procedures, methods or rules regarding how sheriffs or deputies are to ascertain an individual's identity and, if so, state:

   a. When a sheriff or deputy is to ascertain an individual's identity;

   b. Whether a sheriff or deputy is to ascertain an individual's identity prior to accepting custody, and if so, how;

   c. Whether a sheriff or deputy is to ascertain an individual's identity at the time that individual is transferred to/from either the St. Louis Metropolitan Police Department or the St. Louis Division of Corrections, and if so, how;

   d. Whether a sheriff or deputy is to ascertain an individual's prior to bringing an individual before a Judge at the St. Louis City Circuit Court, and if so, how;

   e. Whether sheriffs and deputies are directed to check an individual's driver's license;

   f. Whether sheriffs and deputies are directed to obtain an individual's fingerprints;

   g. Whether sheriffs and deputies are directed to compare an individual's fingerprints with a database of known fingerprints;

6

    h.  Where and in what format such database is stored;

    i.  What other methods of identification are to be used;

    j.  The location of said processes, procedures, methods or rules; and,

    k.  Identify any non-privileged documents that refer to, relate to, reference, or

        document the answers provided to this Interrogatory.

**ANSWER:**

**Deputy Sheriffs rely upon identification bracelet worn by detainees provided by SLMPD and/or Corrections. Deputy Sheriffs do not obtain nor compare a detainee's fingerprints when transporting them between court appearances and detention facilities.**

9.     Identify any federal statutes, federal regulations, state statutes, state regulations, local ordinances and/or local regulations govern:

    a.  When a sheriff or deputy is to ascertain an individual's identity at the St. Louis

        City Justice Center ("Justice Center") or St. Louis City Circuit Court;

    b.  How a sheriff or deputy is to ascertain an individual's identity at the time s/he is

        brought to the Justice Center or St. Louis City Circuit Court;

    c.  How a sheriff or deputy is to ascertain an individual's identity at the time of

        transport; and,

    d.  Provide copies or citations to all such statutes, regulations and/or ordinances.

**ANSWER:**

**Objection, this Interrogatory seeks legal conclusions as well as information that is public record and equally available to Plaintiff.**

10.     State whether, in the five years preceding Plaintiff's arrest on August 20, 2011, the Sheriff's Department received any written complaints, warnings, claims, lawsuits or

correspondence ("Complaint") regarding the failure, or alleged failure of Sheriff's Department officers, employees, or deputies, to properly identify an individual in custody and, if so, state:

   a. The name of the individual making the Complaint;

   b. The date of the Complaint;

   c. The length of time the individual was held in the Sheriff's Department's custody;

   d. The name of any officer(s) involved in the detention of the Complainant;

   e. What steps, if any Sheriff's Department, took to investigate the Complaint;

   f. What changes to the Sheriff's Department's policies, if any, were made in response to the Complaint; and,

   g. Identify any non-privileged documents that refer to, relate to, reference, or document the answers provided to this Interrogatory.

**ANSWER:**

   **No.**

   11.   State whether the Sheriff's Department participated in the IBM Smarter Cities Challenge ("Smarter Cities") program in any way, and, if so, state:

   a. The name of the Sheriff's Department employee, supervisors, sheriffs and/or deputies who were involved in Smarter Cities;

   b. The date Smarter Cities started;

   c. The date and time of all meetings of Smarter Cities participants;

   d. The names of all entities and individuals known to you who have participated in Smarter Cities;

   e. The reason(s) Smarter Cities was initiated;

f.  The reason(s) that the Sheriff's Department participated in Smarter Cities;

g.  What changes to Sheriff's Department policies, if any, were made in response to Smarter Cities; and,

h.  Identify any non-privileged documents that refer to, relate to, reference, or document the answers provided to this Interrogatory.

**ANSWER:**

**Objection, the IBM Smarter Cities Challenge is irrelevant and immaterial to the allegations contained in the Complaint, and therefore not reasonably calculated to lead to the introduction of admissible evidence at trial.  Subject to and without waiving said objection, the Sheriff's Department did not participate in the IBM Smarter Cities Challenge.**

12.   State whether the Sheriff's Department is participating in the Prisoner Identification Verification and Optimization Team ("PIVOT") program in any way, and, if so, state:

a.  The name of the Sheriff's Department employee, supervisors, sheriffs, and/or deputies who are involved in the PIVOT program;

b.  The date the PIVOT program started;

c.  The date and time of all prior meetings of PIVOT program participants;

d.  The names of all entities and individuals known to you who have participated in the PIVOT program;

e.  The reason(s) the PIVOT program was initiated;

f.  The reason(s) that the Sheriff's Department is participating in the PIVOT program;

g.  What changes to Sheriff's Department policies, if any, were made in response to

the PIVOT program; and,

h.  Identify any non-privileged documents that refer to, relate to, reference, or

document the answers provided to this Interrogatory.

**ANSWER:**

**Objection, the PIVOT Program is irrelevant and immaterial to the allegations contained in the Complaint, and therefore not reasonably calculated to lead to the introduction of admissible evidence at trial.  Furthermore, the formation of the PIVOT Program constitutes a subsequent remedial measure not admissible under the applicable Federal Rules of Evidence.  Subject to and without waiving said objection, the Sheriff's Department did not participate in the PIVOT Program.**

13.    Identify each expert who you intend to rely upon or intend to call to testify, and

for each expert identified:

a.  State the subject matter on which the expert is to testify;

b.  State the substance of the facts and opinions to which the expert is expected to

testify;

c.  Provide a summary of the grounds on which each opinion is based; and

d.  Identify and describe all documents used and relied upon in preparing the

expert's testimony for trial.

**ANSWER:**

**Sheriff Murphy has not yet identified any such expert(s) but will supplement this response, if necessary.**

14.    Identify each witness you intend to call to testify at trial, and describe his or her

anticipated testimony.

**ANSWER:**

Objection, this Interrogatory seeks information above and beyond the requirements as provided in the Federal Rules of Civil Procedure, and is overly broad and unduly burdensome.  Subject to and without waiving said objection, Sheriff Murphy directs Plaintiff to the Deputy Sheriffs identified in the Rule 26(a) Disclosures.  It is anticipated that said Deputies will have knowledge of Plaintiff's transportation to and from scheduled court appearances from August 20, 2011 through October 20, 2011.  Also, Michael Guzy will have knowledge of the policies and procedures that govern the operations of the Sheriff's Department.

Respectfully submitted,
PATRICIA A. HAGEMAN
CITY COUNSELOR

Daniel J. Emerson      #56808 MO
Associate City Counselor
Attorney for Defendants Sheriff's Department,
Sheriff Murphy, Corrections, and Bryson
Room 314, City Hall
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
EmersonD@stlouis-mo.gov

## Certificate of Service

I hereby certify that on October 24, 2012, the foregoing sent via United States Mail, postage prepaid, to:


James O. Hacking, III
Jennifer L. Shoulberg
HACKING LAW PRACTICE, LLC
34 N. Gore, Suite 101
Saint Louis, MO  63119
Attorneys for Plaintiff

Karin A. Schute
Christopher A. Hoell
Assistant Attorney Generals
P.O. Box 861
Saint Louis, MO  63188
Attorney for Defendants Slay, Irwin,
Battle-Turner, Gray, Isom, Leyshock and Wismar

_____

## SWORN SIGNATURE

STATE OF MISSOURI          )
                           ) SS
CITY OF ST. LOUIS          )

      Michael Guzy, being duly sworn on his oath, states he is an authorized representative of the party to whom the foregoing interrogatories are directed, and that the answers given are true to the best of his knowledge and belief.

<br>

_____
                MICHAEL GUZY

<br>

      The foregoing Answers to Interrogatories were subscribed and sworn to before me this \_\_\_ day of October 2012.

<br>

_____
                Notary Public

<br>

My commission expires: _____