UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CEDRIC M. WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:12-cv-00107 AGF |
| ) | |
| **ST. LOUIS BOARD OF POLICE** ) | |
| **COMMISSIONERS et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS SHERIFF JAMES MURPHY,
THE ST. LOUIS CITY SHERIFF'S DEPARTMENT,
ST. LOUIS CITY DIVISION OF CORRECTIONS AND CHARLES BRYSON'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Defendants Sheriff James W. Murphy ("Sheriff Murphy"), the St. Louis City Sheriff's Department ("Sheriff's Department"), St. Louis City Division of Corrections ("Corrections"), and Charles Bryson ("Bryson")(collectively, "Defendants"), generally rest on the arguments and the uncontroverted material facts previously filed in this matter. However, Defendants are compelled to distinguish the cases presented in Plaintiff Cedric Wright's ("Wright") Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, as well as clarify their previous legal arguments that have been misconstrued by Wright.

Defendants' legal position, when reduced to its essence, is that Wright has not pled allegations, nor been able to identify any evidence after exhaustive discovery, sufficient to show that Wright's constitutional rights were violated as a result of his August 20, 2011 through October 20, 2011 incarceration. Certainly Wright has been unable to point to specific acts by Sheriff's Department and/or Corrections' individual

personnel that would rise to the level of a constitutional tort against him, nor has Wright identified any Sheriff's or Corrections' policies that would have been the moving force behind any constitutional tort against him.  Rather, Wright attempts to cobble together excerpts from various depositions to advance what appears to be a theory of constructive deliberate indifference based on matters irrelevant and immaterial to his August 20, 2011 through October 20, 2011 incarceration in a feeble effort to defeat Defendants' properly-pled motion for summary judgment.

The uncontroverted material facts demonstrate that Wright was arrested and booked on his own ordinance violation charge, as well as three other cases where the true defendant was Corey Leonard ("Leonard").  Defendants' Statement of Uncontroverted Material Facts ("SUMF") at ¶¶ 1-9.  Although Wright was booked under Leonard's cases, he was still identified as "Cedric Wright, a/k/a Corey Leonard" while processed through the correctional system.  *Id*. at ¶¶ 9, 32.  Defendants held Wright on Leonard's cases because the St. Louis Metropolitan Police Department ("SLMPD") arrested Wright, in addition to the petty larceny charge, pursuant to Leonard's three outstanding warrants.  *Id*. at ¶ 9.  Mindful of their Fourteenth Amendment obligations, Defendants ensured that Wright appeared in court on August 22, 2011 on Leonard's cases.  *Id*. at ¶¶ 13, 14.

Defendants recognize that the judge adjudicating the misdemeanor case made a finding on August 22, 2011 that Wright was not the proper defendant on the misdemeanor case.  *Id*. at ¶ 16.  However, Wright has also recognized that an individual that has been released on a particular case will still remain in the Sheriff's custody if there are other pending cases without disposition until further Court Order on those specific cases.  SUMF at ¶ 23; Wright's Response to SUMF ("Wright's SUMF") at ¶ 23.

Such was the case for Wright when, for reasons not unveiled during the course of discovery, he returned to the City Justice Center ("CJC"), having the Leonard felony cases continued. SUMF at ¶ 17. Thus, the only information available to Defendants upon Wright's return to CJC on August 22, 2011 was that he had been dismissed from the misdemeanor case but that the felony cases had been continued. *Id*. at ¶¶ 16-21. Wright therefore returned to CJC on August 22, 2011 with valid judicial holds on case nos. 0922-CR00381-01 and 0922-CR02343-01. *Id*. at ¶ 24.

It is at precisely this point in Wright's incarceration timeline where a reasonable person would expect Wright to protest his innocence and disavow any association with Leonard's felony cases. Unfortunately for Wright, and although he had ample opportunities to do so, he never engaged any Sheriff's Department or Corrections' personnel in a manner that would provide said personnel an opportunity to be deliberately indifferent to his plight. *Id*. at ¶¶ 28, 29, 31, 33-35, 38, 40, 43, 45-55.

Absent Wright's protests to the contrary, Defendants lawfully held him from August 22, 2011 through October 20, 2011 on valid judicial holds on case nos. 0922-CR00381-01 and 0922-CR02343-01. *Id*. at ¶ 25. Armed with the benefit of hindsight, Defendants understand Wright's reluctance to accept this notion of valid judicial holds. However, Wright's reluctance to accept this notion is not supported by the record nor the information available to Defendants during Wright's incarceration.

Notably, Wright does not address his specific period of incarceration in attempting to defeat Defendants' motion for summary judgment. He instead advances a theory that a constitutional tort must have occurred when the Sheriff's Department took custody of Wright from SLMPD on August 21, 2011 due to possible discrepancies

3

between local identification numbers. However, this argument misses the point that the Sheriff's Department takes a body from SLMPD so long as the body as identified by SLMPD is wanted by the Court. Wright's SUMF at ¶ 107. Contrary to the Constitution and well-settled case law on the subject, Wright contends that a municipal actor can be deliberately indifferent for failing to investigate every claim of innocence and misidentification in an error-free manner. Wright is incorrect. *See Baker v. McCollan*, 443 U.S. 137, 145-46 (1979).

Furthermore, Wright's reliance upon *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002) to support his position that the Court may find municipal liability under the facts as set forth in the record here is misplaced. Unlike *Speer*, Wright cannot cite any evidence in the record that show his rights were violated as a result of actions taken by Defendants' officials or employees. As the uncontroverted material facts show, Defendants had no custody or control of Wright until August 21, 2011, and therefore did not participate in any fashion in the August 20, 2011 arrest that is the subject of Wright's Fourth Amendment claim in Count I. SUMF at ¶¶ 10, 11. Nor can Wright point to any individual actor who was responsible for his prolonged detention. As such, Wright cannot claim any Sheriff's Department or Corrections policy to be the "moving force" that led to his alleged violation of his constitutional rights relative to his August 20, 2011 arrest or his period of incarceration thereafter. *Speer*, 276 F.3d at 986. "The city cannot be held liable under § 1983 unless respondent proved the existence of an unconstitutional policy." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 128 (1988). Wright has not met his burden of proof.

Additionally, *Parrish v. Luckie*, 963 F.2d 201 (8th Cir. 1992), is distinguishable to the uncontroverted material facts present in this case. In *Parrish*, a jury determined that a police officer, Donnell Luckie, violated Parrish's constitutional rights by forcing her to perform oral sex in his police car relative to an arrest *prior to* determining (and presumably based upon the evidence adduced at trial) that the North Little Rock Police Department and its Chief of Police operated a system that was deliberately indifferent to the constitutional rights of those arrested in North Little Rock. Wright appears to ask the Court to ignore the first—and crucial—determination as to whether his constitutional rights were violated in the first place and jump directly to a finding of municipal liability. Defendants submit that the uncontroverted material facts do not demonstrate any constitutional injury to Wright under Fourth or Fourteenth Amendment analysis. As such, any allegations against the various named defendants in their official capacities must fail as a matter of law.

Wright has not, and cannot, demonstrate that Sheriff Murphy's or Bryson's lack of action caused his deprivation of liberty, nor can Wright show that Sheriff's Department or Corrections' custom was the moving force behind his incarceration. Defendants submit that, if anything, the "moving force" behind Wright's prolonged incarceration was his inability, or perhaps lack of motivation, to advocate on behalf of himself in a timely manner to any Sheriff's Department or Corrections' personnel. As demonstrated by his belated letter to Public Defender Mary Fox, Wright did possess the wherewithal to articulate his situation in a manner that could get him in front of a judge. SUMF at ¶ 61.

Put another way, Wright never presented Defendants with an opportunity to be deliberately indifferent to his situation because, short of inquiring about his pending cases, he never complained to anyone, nor asked for a court date. *Id*. at ¶¶ 15, 28, 29, 31, 33, 35, 38, 46-48, 52-54. Moreover, Wright was never denied telephone, visitor, inmate grievance forms or mail access by Defendants. *Id*. at ¶¶ 49-51, 55. Also, Wright was aware he had been assigned a case worker that he could see if he wanted to, and Wright was never denied access to his caseworker. *Id*. at ¶ 53.

*Tilson v. Forrest City Police Dep't.*, 28 F.3d 802 (8th Cir. 1994) is instructive in setting forth what a plaintiff must establish to support of finding of liability under § 1983 against a municipal defendant and its high-ranking officials. The evidence must allow a fact finder to identify action on the part of the municipal defendant or the official that causes a constitutional violation. *Id*. at 806. Evidence of a lack of written procedures is insufficient as a matter of law to impose liability under § 1983. *Id*. at 809. "A policy is deliberately indifferent to a person's constitutional rights when its inadequacy is both obvious and likely to result in the alleged deprivation of constitutional rights." *Russell v. Hennepin Cnty.*, 420 F.3d 841, 847 (8th Cir. 2005). Wright has not satisfied his evidentiary burden as to his official capacity claims and, as such, they fail as a matter of law.

Similar to the plaintiff in *Russell*, Wright has not been able to specifically identify an individual employee of either the Sheriff's Department or Corrections whose alleged failure to comply with a policy caused his alleged constitutional injury, nor has Wright been able to identify an individual who was responsible for his prolonged detention.

Wright has failed to produce any evidence that, during his period of incarceration from August 20, 2011 through October 20, 2011, there was "a widespread and persistent failure to follow any relevant [Defendants'] policy, that some [Defendants'] policy maker was aware of this failure and was either deliberately indifferent to or tacitly approved of such conduct and that [Wright's] prolonged detention was caused by this custom of failing to follow [Defendants'] policy." *Id*. at 849.

In sum, the uncontroverted material facts demonstrate that Wright did not suffer a constitutional injury as a result of his August 20, 2011 through October 20, 2011 incarceration. That finding in no way discounts the fact that Wright should not have been incarcerated on Leonard's warrants. It does, however, preclude any civil liability against Defendants. The record supports Defendants' position that they acted reasonably with the information before them at the time. At best, there maybe was an instance of negligence on August 22, 2011 if in fact a notation was not made regarding Wright's release on the 0822-CR05202-01 into the Integrated Jail Management System by Sheriff's Department personnel. However, and even if true, the lack of that notation would have no bearing on the valid judicial holds remaining on the felony cases 0922-CR00381-01 and 0922-CR02343-01. Wright was released on October 20, 2011, the same day the Court Order was entered releasing him on Leonard's remaining cases. SUMF at ¶¶ 63, 64. Wright has produced no evidence to create a genuine dispute as to the material facts and Defendants are therefore entitled to summary judgment.

Respectfully submitted,
PATRICIA A. HAGEMAN
CITY COUNSELOR

/s/ Daniel J. Emerson
Daniel J. Emerson     #56808 MO
Associate City Counselor
Attorney for Defendants Sheriff's
Department, Sheriff Murphy, Corrections,
and Bryson
Room 314, City Hall
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
EmersonD@stlouis-mo.gov

**Certificate of Service**

I hereby certify that on November 18, 2013, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

James O. Hacking, III
Jennifer L. Shoulberg
HACKING LAW PRACTICE, LLC
34 N. Gore, Suite 101
Saint Louis, MO  63119
Attorneys for Plaintiff

Karin A. Schute
Christopher A. Hoell
Assistant Attorney Generals
P.O. Box 861
Saint Louis, MO  63188
Attorney for Defendants Slay, Irwin,
Battle-Turner, Gray, Isom, Leyshock and Wismar

/s/ Daniel J. Emerson