UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV107AGF |
| | ) | |
| ST. LOUIS BOARD OF POLICE | ) | |
| COMM'RS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S RESPONSES AND EXCEPTIONS TO DEFENDANTS' STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND STATEMENT OF ADDITIONAL UNCONTROVERTED FACTS AND FACTS IN DISPUTE

Defendants Francis Slay, Jr., Thomas Irwin, Bettye Battle-Turner, Richard H. Gray, Daniel Isom, Gerald Leyshock, and Andrew Wismar ("Defendants"), by and through their undersigned counsel, and hereby submit their Responses to Plaintiff's Responses and Exceptions to Defendants' Statement of Uncontroverted Material Facts and Statement of Additional Uncontroverted Facts and Facts in Dispute[1] (Doc. 115) as follows:

---

[1] It appears as though Wright filed his Responses and Exceptions to Defendants' Statement of Uncontroverted Material Facts and Statement of Additional Uncontroverted Material Facts and Facts in Dispute twice. *See* Docs. 115 and 118. This response is directed to both filings.

1

## I. Plaintiff's Responses to Defendants' Statement of Uncontroverted Material Facts (paragraphs 1-73)

With regard to Wright's responses to Defendants' Statement of Uncontroverted Material Facts, contained in paragraphs 1-73, Defendants reply as follows:

### A. Facts that should be deemed admitted pursuant to Local Rule 7-4.01(E).

With regard to paragraphs 4-6, 8-9, 13-15, 25-26, 30, 32-33, 40-42, 70, Wright admits these facts contained within but denies them to the extent they create an inference. With regard to paragraphs 4-6, 13-15, 29-30, 35-38, 40, 63, Wright denies the facts contained within because he lacks personal knowledge of those facts. With regard to paragraphs 31, 38, 44, 38, Wright denies the facts contained within and cites controverted facts, but fails to include a citation to the record in support of those dispute material facts. With regard to paragraphs 25, 26, 35, 41, 70, Wright denies the facts contained within and cites disputed material facts; however, these facts do not controvert the facts contained in the paragraph. With regard to paragraph 35, Wright denies the facts contained within and cites disputed material facts; however, Exhibit 90 does not support these facts because it is inadmissible evidence.

The facts in the above referenced paragraphs should be deemed admitted pursuant to Local Rule 7-4.01(E) because Wright's denials are not

supported by a disputed material fact that is supported by a citation to the record. *See* Local Rule 7-4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."); *Nooner v. Norris*, 594 F.3d 592, 603 (8th Cir. 2010) ("Only evidence that would be admissible at trial may be relied upon to counter a motion for summary judgment."); *see also* Fed. R. Civ. P. 56(c)(1)-(2).

## II. Defendants' Responses to Plaintiff's Additional Facts in Dispute, Uncontroverted by Defendants and/or Admitted by Defendants (paragraphs 74-275)

With regard to Wright's Additional Facts in Dispute, Uncontroverted by Defendants and/or Admitted by Defendants, contained in paragraphs 74-275, Defendants respond as follows:

### A. Plaintiff's undisputed facts.

For the purposes of summary judgment only, Defendants do not dispute the facts set forth in paragraphs 94, 98-100, 129, 255, 328, 332, 338-339, 342, 344, 348-353, 362-364, 371, 374, 376-377, 382, 384-386, 389, 396, 398, 440-441, 447, 457, 459.

For the purposes of summary judgment only, Defendants also do not dispute the facts set forth in paragraphs 95, 101-106, 108-110, 123, 130-142, 145-146, 148-150, 152, 154-155, 158-159, 161, 164-167, 170-176, 180-185, 188, 191, 196-207, 210, 212-217, 219-222, 226-228, 230, 232-233, 235-236, 238-243,

247-254, 260, 264-267, 274-278, 282, 284, 286-288, 290-294, 296-302, 306-307, 309-320, 323-324, 327, 333, 356-361, 365, 369-370, 372-373, 375, 381, 387-388, 390-391, 393-394, 397, 399, 401-402, 406-408, 428-431, 433-434, 437-439, 448-449, 458, 460-461, 463-464, 467-475; however, Defendants deny that these facts are material to the determination of summary judgment.

### B. Defendants object to the following facts.

74-82.      Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 74-82 are not supported by admissible evidence. Wright cites to Exhibit 1, which is inadmissible hearsay, in support of these paragraphs.

83.      Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 83 are not supported by admissible evidence. Wright cites to Exhibit 2, which is inadmissible hearsay, in support of these paragraphs.

84.      Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 84 are not supported by admissible evidence. Wright cites to Exhibits 3 and 4, which are inadmissible hearsay, in support of these paragraphs.

85-88.      Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 85-88 are not supported by admissible evidence. Wright cites to Exhibit 6, which lacks a business records affidavits

and is inadmissible hearsay, in support of these paragraphs. In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

89-91.     Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 89-91 are not supported by admissible evidence. Wright cites to Exhibit 7, which lacks a business records affidavits and is inadmissible hearsay, in support of these paragraphs. In addition, Defendants deny that the facts in paragraphs 90 and 91 are material to the determination of summary judgment.

92-93.     Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 92-93 are not supported by admissible evidence. Wright cites to Exhibit 8, which lacks a business records affidavits and is inadmissible hearsay, in support of these paragraphs. In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

111-118.     Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 111-118 are not supported by admissible evidence. Wright cites to Exhibit 10, which lacks a business records affidavits and is inadmissible hearsay, in support of these paragraphs. In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

119-122.    Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 119-122 are not supported by admissible evidence.    Wright cites to Exhibit 11, which lacks a business records affidavits and is inadmissible hearsay, in support of these paragraphs.    In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

124-128.    Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 124-128 are not supported by admissible evidence.    Wright cites to Exhibit 12, which lacks a business records affidavits and is inadmissible hearsay, in support of these paragraphs.    In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

143-144.    Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 143-144 are not supported by admissible evidence.    Wright cites to Exhibit 15, which lacks a business records affidavits and is inadmissible hearsay, in support of these paragraphs.    In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

145.    Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 145 are not supported by admissible evidence to the extent that Wright relies on case law as support for the fact.    In

addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

151.	Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 151 are not supported by admissible evidence.	Wright cites to Exhibit 16, which is inadmissible hearsay, in support of these facts.	In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

153.	Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 153 are not supported by admissible evidence to the extent that Wright relies on Exhibit 18, which is inadmissible hearsay, in support of these facts.	In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

158.	Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 158 are not supported by admissible evidence to the extent that Wright relies on case law as support for the fact.	In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

160.	Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 160 are not supported by admissible evidence because Wright relies on case law as support for the fact.	In addition,

Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

162. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 162 are not supported by admissible evidence because Wright relies on case law as support for the fact. In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

163. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 163 are not supported by admissible evidence to the extent that Wright relies on Exhibit 19, 20, and 21, which are inadmissible hearsay, in support of this paragraph. In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

169. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 169 are not supported by admissible evidence to the extent that Wright relies on the testimony cited in Exhibit 17 because the witness lacks personal knowledge. "Q: And is that true that the name the suspect gives the first time booked becomes his real name in the system? A: I can't attest to that firsthand. That's information that I received from a member of the committee." In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

177-179.     Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 177-179 because Wright relies on Exhibit 19, which is inadmissible hearsay, in support of these facts.  In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

187.     Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 187 are not supported by admissible evidence because Wright relies on Exhibit 19, which is inadmissible hearsay, in support of these facts.  In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

192-195.     Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 192-194 are not supported by admissible evidence because Wright relies on Exhibits 55 and 19, which are inadmissible hearsay, in support of these facts.  In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

223-225.     Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 223-225 are not supported by admissible evidence because Wright relies on Exhibits 1 and 16, which lack business records affidavits and constitute inadmissible hearsay, in support of these

facts. In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

229. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 229 are not supported by admissible evidence because Wright relies on Exhibit 16, which is inadmissible hearsay, in support of these facts. In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

244-246. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 244-246 are not supported by admissible evidence because Wright relies on Exhibit 46, which is inadmissible hearsay, in support of these facts. In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

257-259, 262. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 257-259, 262 are not supported by admissible evidence because Wright relies on Exhibit 19, which is inadmissible hearsay, in support of these facts. In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

268-272. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 268-272 are not supported by admissible evidence because Wright relies on Exhibits 41 and 45, which are inadmissible

hearsay, in support of these facts. In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

280-281. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 280-281 are not supported by admissible evidence because Wright relies on Exhibits 43 and 44, which are inadmissible hearsay, in support of these facts. In addition, Defendants deny that the facts in these paragraphs are material to the determination of summary judgment.

303. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 303 are not supported by admissible evidence because Wright relies on Exhibit 37, which is inadmissible hearsay, in support of these facts. In addition, Defendants deny that the facts in this paragraph are material to the determination of summary judgment.

329-331. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 329-331 are not supported by admissible evidence because Wright relies on Exhibit 56, lacks a business records affidavit, in support of these facts. In addition, Defendants deny that the facts in paragraph 331 are material to the determination of summary judgment.

337, 341.    Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 337, 341 are not supported by admissible evidence because Wright relies on Exhibit 60, which lacks a business records affidavit, in support of these facts.

354-355.    Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 354-355 are not supported by admissible evidence because Wright relies on Exhibits 62 and 63, which are inadmissible hearsay, in support of these facts.  In addition, Defendants deny that the facts in paragraph 331 are material to the determination of summary judgment.

366-368, 378.    Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 366-368, 378 are not supported by admissible evidence because Wright relies on Exhibits 61 and 20, which are inadmissible hearsay, in support of these facts.  In addition, Defendants deny that the facts in paragraphs 366-368 are material to the determination of summary judgment.

395, 403-404.    Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 395, 403-404 are not supported by admissible evidence because Wright relies on case law and Exhibit 87, which is inadmissible hearsay, in support of these facts.  In addition, Defendants

deny that the facts in paragraphs 403-404 are material to the determination of summary judgment.

405.         Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 405 are not supported by admissible evidence to the extent Wright relies on Exhibit 1, which lacks business records affidavits and constitutes inadmissible hearsay, in support of these facts.  In addition, Defendants deny that the facts in paragraphs 405 are material to the determination of summary judgment.

409-419.      Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 409-413 are not supported by admissible evidence because Wright relies on Exhibits 19, 49, 50, 75, 76, which are inadmissible hearsay, in support of these facts.  In addition, Defendants deny that the facts in paragraphs 409-419 are material to the determination of summary judgment.

421-422, 424-427. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 421-422, 424-427 are not supported by admissible evidence because Wright relies on Exhibit 76, which is inadmissible hearsay, in support of these facts.  In addition, Defendants deny that the facts in paragraphs 421-422, 424-427 are material to the determination of summary judgment.

435.     Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraph 435 are not supported by admissible evidence because Wright relies on testimony elicited subject to defense counsel's objection that the witness lacked foundation to answer the question.   In addition, Defendants deny that the facts in paragraph 435 are material to the determination of summary judgment.

442-445, 450-455. Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 442-445, 450-455 are not supported by admissible evidence because Wright relies on Exhibits 81, 82, 83, and 84, which are inadmissible hearsay, in support of these facts.   In addition, Defendants deny that the facts in paragraphs 442-445, 450-455 are material to the determination of summary judgment.

465.     Defendants object pursuant to Fed. R. Civ. P. 56(c)(2) as the facts set forth in paragraphs 465 are not supported by admissible evidence because Wright relies on Exhibit 90, which is inadmissible hearsay, in support of these facts.   In addition, Defendants deny that the facts in paragraph 465 are material to the determination of summary judgment.

## C.     Defendants deny the following facts.

84.     Denied to the extent that Exhibit 5 is cited in support of this fact.   The cited testimony in Exhibit 5 does not establish that 65

individuals were identified through a Corrections' search of disposed cases in IJMS.

96-97.     Denied.  The cited testimony does not support this fact because there is no page 51 contained in Exhibit 88.

107.     Denied.  The cited document does not support this fact because the policy does not state that a prisoner does not sign the Arrest Register to verify the charges listed against them are correct.

147.     Denied.  The cited testimony in Exhibit 14 states that an alias notification can include information the following information: if a subject is printed and the processor indicates that the subject does not have an LID in SLMPD's system the email might notify them that the subject does have an LID, or if the subject lied about his name the email will reflect that.

153.     Denied.  The cited testimony does not support this fact because the Michael Caruso did not testify that Section X of SO 8-03 is the Alias Notification Policy.

156.     Denied in part.  The cited testimony in Exhibit 13 states that if an officer considers charging a subject with "Making a False Declaration" consultation with the Circuit Attorney's Office is requested prior to booking.  The remaining portion of paragraph 156 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

157.    Denied in part.  The cited testimony in Exhibit 13 states that "[i]f bench warrants, capias warrants, or suppressed indictments were the original charges, the officer must ascertain whether or not this is the true subject."   The remaining portion of paragraph 157 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

163.    Denied.  To the extent that Wright relies on Exhibit 21 in support of this fact, the testimony cited does not establish the facts asserted in paragraph 168.

168.    Denied.  The cited testimony does not establish the facts asserted in paragraph 163.

186.    Denied in part.  The cited document does not state that the Warrant/Fugitive clerks are responsible for investigating the identity of the suspect; it states that "It is left to our clerk to investigate the identity of the suspect on the computer…."   The remaining portion of paragraph 186 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

189.    Denied.  The cited testimony establishes that some clerks pack warrants in addition to canceling warrants and interacting with other municipalities; those are the main things that they do.

190.     Denied.   The cited testimony does not support this fact because there are no pages 42-43 contained in Exhibit 31.

208-210.     Denied.   The cited testimony does not support this fact because there are no pages 56 or 174-175 contained in Exhibit 14.

211.     Denied.   The cited testimony does not support this fact because there is no page 30 contained in Exhibit 17.

218.     Denied.   The cited testimony does not support this fact because there is no page 43 contained in Exhibit 31.

231.     Denied in part.   The cited testimony establishes that the alias notification was not always being followed.   The remaining portion of paragraph 231 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

234.     Denied in part.   The cited document does not establish who wrote the pages of notes contained in Exhibit 35.   The remaining portion of paragraph 234 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

237.     Denied.   The cited testimony does not support this fact because there is no page 80 contained in Exhibit 17.

256.     Denied.   The cited testimony does not support this fact because there is no page 89 contained in Exhibit 17.

261, 263.    Denied.   The cited testimony does not support this fact because there are no pages 77-79 contained in Exhibit 31.

273, 279.    Denied.   The documents cited do not establish the facts asserted in paragraphs 273, 279.

283.        Denied in part.   The testimony cited establishes that Garanzini could not recall whether there was a written policy or procedure. The remaining portion of paragraph 283 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

285.        Denied.   The cited testimony does not support this fact because there is no page 20 contained in Exhibit 31.

289.        Denied.   The cited testimony does not support this fact because there is no page 41 contained in Exhibit 14.

295.        Denied in part.   The testimony cited does not establish when Caruso took the notes because there is no page 97 contained in Exhibit 17.   The remaining portion of paragraph 295 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

304.        Denied in part.  The document cited does not establish that Caruso set the meeting agenda.  The remaining portion of paragraph 304 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

305. Denied in part. The cited testimony does not support this fact because there are no pages 102-103 contained in Exhibit 17 and Exhibit 39 does not establish that Caruso wrote on or created the document contained in Exhibit 39. The remaining portion of paragraph 305 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

308. Denied. The testimony cited establishes that the clerks are supposed to pack everything into the warrant and are not supposed to focus on particular area.

322. Denied. The testimony cited establishes that new police officers receive on-the-job training from their Field Training Officer about how to identify people properly.

321. Denied in part. The testimony cited establishes that Crews was not aware of any classroom training that police officers received on the identification of individuals at the time of arrest. The remaining portion of paragraph 321 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

325. Denied. The cited testimony does not support this fact because there is no page 26 contained in Exhibit 86.

326. Denied in part. The cited testimony does not establish what document Murphy was reviewing when she testified that she had never

seen it before.  The remaining portion of paragraph 326 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

334.        Denied.  The cited testimony establishes that Wismar could not remember if he had to grab the suspect's arms; however, he remembered that they didn't have to fight the suspect for his arms.

335-336.        Denied.   The cited testimony does not establish facts asserted in paragraphs 335-336.

340.        Denied in part.   Wright testified that he felt some throbbing the day after the arrest.  Doc. 115-23 at 9.  The remaining portion of paragraph 340 is admitted.

343, 345.     Denied in part.  The cited testimony establishes that one of the officers in the car told Wright that he was Corey Leonard and looked like Corey Leonard.  The remaining portion of paragraphs 343, 345 is admitted.

346.        Denied.   The document cited does not establish the facts asserted in paragraph 346.

347.        Denied in part.  The cited testimony does not establish that Wright gave his Missouri ID to Wismar; rather, it establishes that Wright gave his ID to one of the officers in the car.   The remaining portion of paragraph 347 is admitted.

379.     Denied.  The document cited does not establish the facts asserted in paragraph 379.

381.     Denied.  The cited testimony does not support this fact because there is no page 76 contained in Exhibit 64.

392.     Denied.  The cited document does not establish the facts asserted in paragraph 392.

400.     Denied in part.  The cited testimony establishes that Gray would guess that the police manual would have policies and procedures regarding what is supposed to happen when a suspect claims that they have been misidentified.  The remaining portion of paragraph 400 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

405.     Denied in part.  The cited testimony does not establish the contents of the email or who sent the email.  The remaining portion of paragraph 405 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

422.     Denied.  To the extent Wright relies on Exhibit 14, the cited testimony does not establish the facts asserted in paragraph 422.

423.     Denied in part.  The cited testimony does not establish the tracking number of the arrest.  The remaining portion of paragraph 423 is

admitted; however, Defendants deny that it is material to the determination of summary judgment.

435-436.    Denied.   The cited testimony does not establish the facts asserted in paragraphs 435-436.

446.           Denied.   The cited documents do not establish that the case was filed under an LID number.

456.           Denied in part.   The cited documents do not establish the identity or LID number of the proper defendant.   The remaining portion of paragraph 456 is admitted; however, Defendants deny that it is material to the determination of summary judgment.

466.           Denied in part.   The cited documents establish that the name Cedric Wright appears as an alias for LID number 205094.   The remaining portion of paragraph 466 is admitted.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/ *Karin A. Schute*
Karin A. Schute, #62019MO
Chris R. Hoell, #54011MO
Assistant Attorneys General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, Missouri 63188
Phone: (314) 340-7861
Fax: (314) 340-7029
*Attorneys for Defendants Slay,*
*Irwin, Battle-Turner, Gray, Isom,*
*Leyshock, and Wismar*

## CERTIFICATE OF SERVICE

I certify that on this 18 day of November, 2013, I electronically filed the foregoing with the clerk of this Court by using the CM/ECF system, to be served by operation of the Court's electronic filing system, to the following:

Mr. James O. Hacking, III
Ms. Jennifer Shoulberg
Hacking Law Practice, LLC
34 N. Gore, Suite 101
St. Louis, Missouri 63119
*Attorneys for Plaintiff*

Mr. Daniel J. Emerson
City Counselor's Office
Room 314, City Hall
St. Louis, MO 63103
*Attorney for Defendants St. Louis City Sheriff's Department, Sheriff*
*Murphy, St. Louis City Division of Corrections, and Bryson*

/s/ *Karin A. Schute*
Assistant Attorney General