UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV00107AGF |
| | ) | |
| | ) | |
| ST. LOUIS BOARD OF POLICE | ) | |
| COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Cedric Wright brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights stemming from his arrest and subsequent incarceration in the City of St. Louis correctional system. Wright names as defendants the individual members of the St. Louis Board of Police Commissioners; Daniel Isom, former Chief of Police; and Gerald Leyshock, former Captain and Commander of the Third District (collectively, the "SLMPD Defendants"). In addition, Plaintiff names two individual police officers, Andrew Wismar and Brian Eisele, and two unidentified police officers, James Doe and Joseph Doe, all of whom he asserts violated his rights at the time of his arrest. Plaintiff further names the St. Louis City Sheriff's Department; James W. Murphy, Sheriff of the City of St. Louis; Benjamin Goins, Jr.; and an unidentified employee of the Sheriff's Department designated as Jerald Doe (collectively the

"Sheriff's Department Defendants").[1] Finally, Plaintiff names the St. Louis City Division of Corrections; Charles Bryson, in his official capacity as interim Commissioner of the Division of Corrections; and two unidentified employees of the Department of Corrections, designated as Justin Doe and Jacob Doe (collectively, the "Corrections Defendants").

Now before the Court is Plaintiff's motion to substitute parties. Plaintiff seeks to substitute Eisele and two other police officers for John Doe, James Doe and Joseph Doe, respectively. He also seeks to substitute Deputy Goins and another employee of the Sheriff's Department for three of the Doe defendants: Jackson Doe, Jefferson Doe, and Jerald Doe. In addition, Plaintiff seeks to add a deceased employee of the Sheriff's Department as a party and to identify the successor to Charles Bryson as the current Commissioner of the Division of Corrections. For the reasons set forth below, the motion to substitute parties will be granted in part and denied in part.

**I. BACKGROUND**

On January 19, 2012, Plaintiff filed a complaint under § 1983 for declaratory judgment and damages, alleging that his August 2011 arrest and subsequent erroneous confinement violated his constitutional rights under the Fourth and Fourteenth Amendment. Defendants filed their answers on March 15 and April 12, 2012. On March 8, 2013, Plaintiff was granted leave to amend the complaint by interlineation. In so

---

1   Plaintiff originally named two other unidentified Sheriff's Department employees designating them as Jackson Doe and Jefferson Doe. In light of that substitution, these Doe defendants are no longer parties to the suit.

doing, Plaintiff substituted Officer Eisele, one of the arresting officers, for John Doe and Deputy Goins for Jackson Doe and Jefferson Doe.

In Counts I and III, Plaintiff alleges that Officers Wismar and Eisele, acting in their individual and official capacities, violated his Fourth Amendment rights by arresting him without probable cause (Count I) and by using excessive force to effect the arrest (Count III). In these two counts Plaintiff also seeks to impose municipal liability on the named policymakers for the SLMPD, the Sheriff's Department, and the Division of Corrections, acting in their official capacities.[2] Plaintiff alleges that these Defendants exhibited deliberate indifference to his rights under the Fourth Amendment because they either had in place policies or customs that permitted the constitutional violations or failed to establish adequate policies, procedures and training programs to avoid such violations.

In Count II, Plaintiff alleges that all Defendants, acting in their official capacities, and some Defendants in their individual capacities, violated his rights under the Fourteenth Amendment by misidentifying him and detaining him for 58 days on two warrants that were not attributable to him. And finally in Count IV, Plaintiff alleges a

---

2   These "policymakers are: the SLMPD Defendants; Sheriff Murphy, acting in his official capacity; the Sheriff's Department, as the governing body responsible for the training and supervision of the Sheriff's employees; interim Commissioner Charles Bryson, acting in his official capacity; and the Division of Corrections, as the governing body for the City Justice Center and the Medium Security Institution. The allegations against the Sheriff's Department and against Murphy in his official capacity are duplicative and will be treated here as a single set of allegations. Similarly, the allegations against the Division of Corrections and against Bryson, in his official capacity, are deemed to state a single claim for municipal liability against the Corrections Defendants.

state law claim for false arrest and false imprisonment against Officers Wismar and Eisele, Deputy Goins, and all of the other Doe Defendants.

In ruling on Defendants' previous motions to dismiss, the Court dismissed all official capacity claims against Officer Wismar in Counts I, II, and III and all individual capacity claims against the SLMPD Defendants in Count II. The Court also dismissed all claims against Officer Eisele, and terminated Jackson and Doe and Jefferson Doe as parties.

## II. DISCUSSION

In the present motion, Plaintiff seeks to substitute Eisele, an arresting officer; Mark Garanzini, SLMPD Prisoner Processing Supervisor; and Andrew Crews, SLMPD Commander of the Warrant Fugitive Section; for John Doe, James Doe and Joseph Doe, respectively. He also moves to substitute Deputy Goins for Jackson Doe and Jefferson Doe and identifies Jerald Doe as Lieutenant Ruthann Alberti ("Lt. Alberti"), the highest ranking employee in the Sheriff's Department Criminal Records Unit. In addition, Plaintiff seeks to add as a party Alice Nicolas, who is deceased and was the Deputy Sheriff for Division No. 26 at the time relevant to this suit. Finally Plaintiff moves to substitute Eugene Stubblefield, the current Commissioner of Corrections, for Charles Bryson, the interim Commissioner.

Defendants do not object to the substitution of Mark Garanzini, Andrew Crews, and Lt. Alberti, for the designated Doe defendants and the Court will grant Plaintiff's motion with respect to these individuals. Further, Defendants do not object, nor could they, to the substitution of Officer Eisele for John Doe and Deputy Goins for Jackson

Doe and Jefferson Doe, inasmuch as these individuals were effectively substituted for their respective Does on March 8, 2012, when the Court permitted Plaintiff to amend his complaint by interlineation. *See* Doc. Nos. 66 & 71. Subsequently, on March 14, 2013, pursuant to the statements in Plaintiff's motion for leave to amend by interlineation, the Court terminated Jackson Doe and Jefferson Doe as parties because Goins had been substituted for them. *See* Doc. No. 66 ¶ 8. Therefore, the Court will deny as moot the requests to substitute Officer Eisele for John Doe and Deputy Goins for Jackson Doe and Jefferson Doe.

Defendants do, however, object to the substitution of Eugene Stubblefield as the Commissioner of Corrections in place of interim Commissioner Bryson and to the purported substitution of Alice Nicolas for an unnamed Doe defendant.

    A. <u>Substitution of Commissioner Stubblefield</u>

With respect to Commissioner Stubblefield, the Court notes that Federal Rule of Civil Procedure 25 governs the substitution issue here. Rule 25(d) provides that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." The interim Commissioner is sued only in his official capacity and that claim survives to his successor pursuant to Rule 25. *See also Harris v. Hensley*, No. 4:07 CV 1905 DDN, 2008 WL 4449425, at *1 (E.D. Mo. Sept. 26, 2008).[3]

---

[3] The Court finds generally unconvincing Plaintiff's explanation for why he was unable to determine the identity of the Commissioner of Corrections, but also notes that Defendants appear to have provided inaccurate information regarding Stubblefield's title in their answer.

B. <u>Substitution of Alice Nicolas</u>

The situation with respect to Nicolas is less straightforward. Plaintiff alleges in his reply brief that Nicolas was the deputy sheriff in Division No. 26 on August 22, 2011, when Plaintiff's misidentification was noted by the presiding judge. Plaintiff asserts that he did not learn that Nicolas had maintained the ledger recording the disposition of Plaintiff's case until he deposed Mike Guzey on February 8, 2013, and that Nicolas' handwriting was first identified at a deposition on April 23, 2013.

Although Nicolas is deceased, Rule 25 does not apply to her because she was not previously named as a party to this action. See Fed. R. Civ. P. 25(a) (by its terms referring only to the procedure for addressing the death of a party, e.g., "[i]f a **party** dies . . .") (emphasis supplied). Moreover, in seeking to add Nicolas, Plaintiff has not identified the Doe for whom she is substituted and is not in fact substituting Nicolas for a previously unnamed Doe defendant. At the time that Plaintiff filed this motion the only remaining Doe defendant identified as an employee of the Sheriff's Department was Jerald Doe, for whom Lt. Alberti has now been substituted. Therefore, the Court concludes that Plaintiff actually seeks to join a new, albeit deceased, party under Rule 21. In the alternative, the motion will be construed as a request to amend the complaint to add Nicolas as a party under Rule 15.

Upon review of Rules 15, 21 and the Case Management Order ("CMO") entered in this action, the Court declines to grant leave to add Nicolas as an additional party. Rule 15 requires the Court to "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless there is good reason for denial, "such as

undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment-leave to amend should be granted." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). There is, however, no absolute right to amend. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994). Whether to grant a motion for leave to amend is within the sound discretion of the court. *Id.*; *Brown*, 957 F.2d at 565. Similarly, Rule 21 is permissive and provides for joinder of an additional party "on just terms." Fed. R. Civ. P. 21.

Defendants assert that Plaintiff has not established just cause for failing to request the addition of the party until more than a year after the deadline for amendment and joinder of additional parties set forth in the CMO. In addition, they contend that addition of a party at this point in the litigation, with discovery closed, would be prejudicial. Plaintiff asserts that the motion to add Nicolas as a party should be granted because Plaintiff did not learn the identity of the sheriff's deputy for Division No. 26 until the deposition conducted on February 8, 2013. As discussed above, this is not a situation where a previously named Doe has now been identified, and under Rules 15 and 21 the request to amend shall be denied because Plaintiff has failed to offer just cause for his delay in naming Alice Nicolas as a defendant.

The Court finds unpersuasive Plaintiff's assertion that he could not have named Nicolas earlier. Plaintiff says that he attempted to identify Sheriff's personnel on duty at the relevant time, but appears to have done so not by way of interrogatories, but rather through a document request. Responsive documents were produced in October, 2012.

The only action Plaintiff notes that he took to further identify the individuals who appeared in the documents was to take Mike Guzey's deposition four months later in February, 2013. Although Plaintiff learned of Nicolas's identity at the deposition, he took no steps to amend the complaint at that time. Indeed, although Plaintiff further identified the handwriting in the ledger as Nicolas's at a deposition in April, 2013, he did not seek to amend or substitute parties until August 7, 2013 – just weeks before the discovery deadline and shortly before the deadline for filing case dispositive motions.

Even if Plaintiff's failure to use effective discovery tools to identify Sheriff's personnel were to be excused, the fact remains that Plaintiff was not justified in waiting six months after Nicolas was identified to move to add her as a party. At the very least, Plaintiff should have moved to designate the Deputy Sheriff for Division No. 26 as a Doe defendant either after he substituted Goins for the Jackson Doe and Jefferson Doe defendants in October of 2012 or in March of 2013 when the Court dismissed the claims against those Doe defendants.

For these reasons, the Court concludes that Plaintiff has failed to show good cause for a variance from the deadline set forth in the CMO and has not established a proper basis for amending the complaint so late in the proceeding. Further, adding Nicolas at this late date would be unduly prejudicial to Defendants. Therefore, the Court denies Plaintiff's motion to amend the complaint to add Nicolas as a defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to substitute parties is **GRANTED in part** and **DENIED in part**, as follows: (Doc. No. 68)

a. Plaintiff's request to substitute Mike Garanzini for the previously unidentified James Doe and Andrew Crews for the previously unidentified Joseph Doe is **GRANTED**.

b. Plaintiff's request to substitute Lt. Ruthann Alberti for the previously unidentified defendant, Jerald Doe, is **GRANTED**.

c. Plaintiff's request to substitute Officer Eisele, for the previously unidentified John Doe and Deputy Benjamin Goins for the previously unidentified Jackson Doe and Jefferson Doe, is **DENIED as moot**.

d. Plaintiff's request for leave to amend the complaint to substitute Commissioner of Corrections, Eugene Stubblefield, in his official capacity, as a defendant in place of interim Commissioner Charles Bryson is **GRANTED**.

e. Plaintiff's request to amend the complaint to substitute or join Alice Nicolas as a defendant in this action is **DENIED**.

**IT IS FURTHER ORDERED** that all claims against Charles Bryson, who was sued only in his official capacity, are **DISMISSED**.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2013.